Wilde J.
delivered the,opinion of the Court. This case is quite clear on all the points. The principle is well established, that where one takes the goods of another tortiously, and converts them into money, the owner may waive the tort and bring an action for money had and received. This was settled in the case of Jones v. Hoar, 5 Pick. 290, and the same principle has been frequently since recognized. Indeed, there is not to be found, as I apprehend, a single case or dictum in which this principle has been doubted.[1]
It is equally well established, that tenants in common not only may, but must join in an action for any entire injury done to the common property. And this principle is equally applicable to an action for the tort, and to an action of assumpsit when the tort is waived.
We are also well satisfied, that the ruling of the Chief Justice was correct in regard to the license, and that under the circumstances of the case the evidence was not proper to go to the jury.
The parol evidence offered could not prove any title or in terest in the land, but a license merely. And as no time was limited, it could be only acted upon within a reasonable time. What was a reasonable time, the facts being agreed, was within the province of the court to determine, and the determination we think was correct.
And besides, the license, if it had continued in force, was not pursued. The agreement was, that the parties should cut together. This clearly would not authorize one of the parties to go on and cut without notifying the other party.
On no ground, therefore, can the defence be maintained, and the default must stand.

 See Hill v. Davis, 3 N. H. R. 384; Allen v. Ford, 19 Pick. 217.