## MOORE *v.* YOUNG.

1. DEEDS—RESERVATION—LOGS AND LOGGING.
    A conveyance reserving to grantor's wife the timber "now on" a portion of land, "with privilege to remove the same at any time," did not reserve to her underbrush which grew upon the property after she had removed all the timber.

2. SAME—CONSTRUCTION.
    Any doubt existing as to what construction should be given the language used in the deed should be construed most strongly against the grantor.

Appeal from Newaygo; Palmer, J.   Submitted June 7, 1910.   (Docket No. 20.)   Decided July 14, 1910.

Bill by Joseph H. Moore against Charles S. Young and Mary L. Young to enjoin the removal of certain timber. From a decree dismissing the bill, complainant appeals. Affirmed.

*J. Claude Youdan,* for complainant.

*John G. Anderson,* for defendants.

Complainant is the son, and defendant Mary L. Young the daughter, of John Moore, who on October 15, 1887, was the owner of two farms, one in Montcalm county, and one in Newaygo county, separated only by a highway.   On that day John Moore executed two deeds; one of the homestead farm in Montcalm county to his wife, Parizade Moore, and the other of the farm in Newaygo county to his three daughters.   The latter deed contained the following reservation:

" Reserving therefrom the timber now on ten acres off the south end of said land to Parizade Moore, for a period of thirty years with privilege to remove the same at any time."

Complainant now owns the interest of his mother in the home farm and likewise any interest she may now have in the timber on the south 10 acres of the farm deeded to the daughters, growing out of the reservation in the deed above quoted.   Defendants have acquired all the title to the Newaygo farm, conveyed by John Moore to his three daughters.   During the years 1888, 1889, and 1890, Parizade Moore sold and removed from said 10 acres all the timber then growing thereon, first the large timber, then the smaller trees suitable for railway ties, and finally all the other timber except brush and undergrowth. During the 20 years which have elapsed since said land was denuded of the timber, the brush and undergrowth have grown, in places, into saplings.   Lately defendants started to clear said 10 acres by cutting and removing the undergrowth and saplings, whereupon complainant filed his bill of complaint, praying for an injunction restraining defendants from cutting or carrying away any timber of any and every nature off of or from said land.   From a decree dismissing the bill, complainant appeals.

BROOKE, J. (*after stating the facts*).   It is the contention of the complainant that the language of the reservation, construed in the light of the circumstances sur-

rounding the parties at the time the deed was executed, should be held to mean that Parizade Moore took title, not alone to the timber then growing upon said 10 acres (all of which, it is conceded, she removed), but also to all timber that should grow thereon for a period of 30 years. It is pointed out that the homestead was without timber, and that it was doubtless intended by John Moore to provide that necessity for his wife for a period of 30 years. We find no difficulty in agreeing with complainant that this was probably John Moore's motive in making the reservation; but, instead of using said timber as it was no doubt intended she should do, she chose, as she had a right, to go on and at once cut off everything except underbrush. The language of the reservation is clear and unequivocal, and refers in set terms to "the timber *now* on ten acres," etc. It is conceded that all timber on the land, at the time the reservation was made, has been removed. The 30 years mentioned in the reservation refers distinctly to the period within which "*the same*"—that is, the timber reserved—may be removed. If any doubt remained as to what construction should be given the language used—and there is none—still it should be construed most strongly against the grantor. *Bolio* v. *Marvin*, 130 Mich. 82 (89 N. W. 563).

Inasmuch as everything standing upon the land was cut except underbrush, it is unnecessary to again define what is meant by the word "timber." That was done by this court in the case of *Huron Land Co.* v. *Davison*, 131 Mich. 87 (90 N. W. 1034), and again in the recent case of *Balderson* v. *Seeley*, 160 Mich. 186 (125 N. W. 37).

The bill of complaint was properly dismissed, and the decree is affirmed, with costs to defendants.

BIRD, C. J., and MCALVAY, BLAIR, and STONE, JJ., concurred.