## 9214

### GRAY v. MARION COUNTY LUMBER CO.

#### (86 S. E. 640.)

LOGS AND LOGGING. SALES OF OUTSTANDING TIMBER. NATURE OF CONTRACT. REASONABLE TIME. OPTION FOR EXTENSION. TERMINATION. CLOUD ON TITLE. EQUITY.

1. LOGS AND LOGGING—SALE OF STANDING TIMBER—REMOVAL WITHIN REASONABLE TIME.—Where a conveyance of standing timber was silent as to when the purchaser should commence to cut and remove the timber, the cutting and removal must be within a reasonable time. *Minshew* v. *A. C. Lumber Corp.*, 98 S. C. 8, 81 S. E. 1027, *followed.*

2. LOGS AND LOGGING—SALE OF STANDING TIMBER—NATURE OF CONTRACT.—A conveyance of standing timber silent as to the time when the purchaser should begin to cut and remove the timber, but providing that the time limit should be ten years from the beginning of the cutting and removal, which might be extended on payment by the purchaser of interest on the purchase price, is of a terminable nature, and was terminated by a failure to begin cutting the timber within a reasonable time or a compliance within such reasonable time, with conditions precedent to obtain the stipulated extension.

3. LOGS AND LOGGING—SALE OF STANDING TIMBER—OPTION FOR EXTENSION OF TIME.—To obtain the benefit of an option for extension of time in a timber lease, the grantee must, before the time expires, comply or tender compliance with the conditions precedent to such extension.

4. LOGS AND LOGGING—SALE OF STANDING TIMBER—TERMINATION OF RIGHTS.—After the time contemplated in a timber lease has expired, and the rights thereunder have terminated, they cannot be renewed by the grantee's offer to comply with the conditions of the option for extension, such rights having terminated, can be revived or extended only by consent.

5. LOGS AND LOGGING—SALE OF STANDING TIMBER—TERMINATION AND REVIVAL OF RIGHTS.—Where the Court found that the grantee's rights under a timber lease had been terminated by his failure to commence

cutting and removal within a reasonable time, it could not then give the grantee an extension of lease by exercise of an option, which he had lost by failure to exercise it within such reasonable time.

6. EQUITY—REMOVAL OF CLOUD UPON TITLE.—An owner of land seeking to remove an apparently outstanding timber lease as cloud upon his title will not be denied equitable relief because of his alleged intent to speculate on a resale of the timber rights involved. *McSwain* v. *A. C. Lumber Corp.*, 96 S. C. 155, 80 S. E. 87, *followed.*

7. LOGS AND LOGGING—SALES AND CONVEYANCES—TIME FOR REMOVAL— REASONABLE TIME.—Under a conveyance of standing timber not specifying any time for removal, the purchaser is required to cut and remove it within a reasonable time, and the lapse of 14 years without any action looking to its removal was an unreasonable time, and terminated the right of removal; and it could not be revived or extended except by consent, and hence not by tender of interest to secure an extension *not made until 15 years after the conveyance and a year after suit brought to remove the conveyance as a cloud on plaintiff's title.*

Before MEMMINGER, J., Bennettsville, April, 1914. Reversed.

Action by Ansel A. Gray against Marion County Lumber Company. The plaintiff appeals from the Circuit decree, which was as follows:

On January 30, 1899, H. R. Peele conveyed to Cape Fear Lumber Company certain timber and easements in Marlboro county. The plaintiff herein is the successor in title of H. R. Peele, and the defendant is the successor in title of Cape Fear Lumber Company. The conveyance in question contained this provision:

"The said Cape Fear Lumber Company to have ten years from the time they commence to cut the timber to cut and

FOOTNOTE.—As to right of grantor to maintain action to remove cloud on title on breach of condition by grantee, see notes in 12 A. & E. Ann. Cas. 901; jurisdiction of equity in such cases, see notes in 8 L. R. A. 727, and 10 L. R. A. 297. As to time for removal of timber, and forfeiture of rights, see notes in 55 L. R. A. 525 to 535, 3 B. R. C. 873 to 895, 47 L. R. A. (N. S.) 882 to 888, 35 L. R. A. (N. S.) 1915a, 571, 4 A. & E. Ann. Cas. 1050, 12 A. & E. Ann. Cas. 731; construction and effect of provision for extension of time for removal of standing timber, see note in 34 L. R. A. (N. S.) 615.

remove same, and if at the end of that time they have not removed said timber, then to pay six per cent. upon purchase price they can have ten years longer time to remove same."

Owing to the fact that the defendant had not commenced to cut the timber and had not paid any interest money for an extension of the period, on January 27, 1913, as shown by the verification, the plaintiff brought an action to have the deed set aside as a cloud upon his title. The defendant duly answered, and the cause was referred to W. M. Stevenson, Esq., for the purpose of taking testimony, and the cause now comes before me for determination.

In a timber contract of this character, the law has imposed upon the grantee the duty of commencing to cut within a reasonable time. In this case, having failed to commence to cut for nearly fifteen years, in my judgment, standing alone would be an unreasonable time and the Court should come in and fix a reasonable time within which the cutting should have been commenced just as if it had in fact been commenced and thus put in operation the running of the first definite period of ten years. The defendant conceded that fifteen years should terminate these two periods when it made a tender of a year's interest within the fifteen-year period, thereby terminating the reasonable term for commencing to cut and the first period of ten years provided in the contract and putting in operation the second period of ten years. From the facts and circumstances surrounding the parties as adduced by the testimony, I find this was a reasonable exercise of the rights conferred by the deed under which the defendant claims; and the defendant so far has complied in a reasonable way and in a reasonable time with the duties imposed upon it by the grant; and, further, that it can keep its rights alive for ten years from the date of January 30, 1914, by continuing to pay or offering to pay six per cent. interest per annum upon the original purchase price on or before each January 30th, during the term. From these conclusions of law and of fact, it follows that plaintiff is not

entitled to the relief prayed for and that the complaint should be dismissed.

It is, therefore, so ordered.

The defendant-respondent asked that the Supreme Court sustain the decree of Judge Memminger in dismissing the complaint in this case, upon the following additional ground:

2. Because when the plaintiff comes into Court asking equitable relief he must come with clean hands; whereas, it appears from the evidence that the pretended equities alleged in the complaint, upon which the plaintiff seeks equitable relief for the removal of a cloud upon his title by the forfeiture of defendant's rights, are a mere subterfuge to cover his true intent to promote a speculative scheme by forfeiture for the resale of the timber in dispute.

*Messrs. Townsend & Rogers,* for appellants, submit: *The additional ground on which respondent asks decree to be sustained was not urged or considered on Circuit:* 94 S. C. 373; 78 S. C. 551. *Plaintiff's equities are superior to any of defendant:* 67 S. C. 450. *Defendant's rights under timber lease:* 98 S. C. 8; 90 S. C. 178. *Tender of performance:* 16 S. C. 430. *Reasonable time:* 15 Penn. 364; 128 N. C. 46; 13 Me. 122; 56 Ala. 560; 19 Fla. 141; 111 Ga. 400.

*Messrs. Stevenson, Stevenson & Prince,* also for appellant, cite: 97 S. C. 250. *Cases distinguished:* 89 S. C. 346; 90 S. C. 162; *Ib.* 364; 98 S. C. 22. *Tender too late:* 14 S. C. ——. *Motive of plaintiff immaterial:* 98 S. C. 155.

*Mr. W. F. Stevenson,* also for appellant.

*Messrs. Willcox & Willcox, Henry E. Davis* and *M. C. Woods,* for respondent, cite: *As to 12th, 13th, 14th and 15th exceptions:* 98 S. C. 8; 96 S. C. 44; 99 S. C. 168; 97 S. C. 335; *Ib.* 278. *As to term of grantee's rights:* 92 S. C. 418.

*Reasonable time:* 90 S. C. 163.   *Option for extension:* 97 S. C. 248; 98 S. C. 21.   *Fixed time for extension:* 79 S. C. 170; 80 S. C. 110.   *Testimony as to tender:* 94 S. C. 33.

October 19, 1915.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This case cannot be distinguished in any essential particular, either of law or fact, from the case of *Minshew* v. *Lumber Corporation,* 98 S. C. 8, 81 S. E. 1027.   It should be said, however, in fairness to the learned Judge, who wrote the opinion of the Circuit Court, that his opinion was filed before the opinion of this Court in Minshew's case was published.

In Minshew's case, the contract provided that the time limit should be five years from the time the grantee began cutting and removing the timber, but that it might be extended from year to year thereafter upon the payment of interest at 6 per centum per annum on the purchase price.   It was held, *inter alia,* that the grant being silent as to when the cutting should begin, the law implied that it should begin within a reasonable time; that no general rule could be laid down as to what would be a reasonable time in all cases, but that must be determined upon the facts and circumstances of each case which were known to both parties at the time of making the contract; that facts or circumstances known to only one of the parties should not be considered in determining that issue, because they could not reasonably be supposed to have been within the contemplation of the other; that the right granted was of a terminable nature, and was terminated by the failure to begin cutting the timber within a reasonable time; that to obtain the benefit of an option for an extension of the time, the grantee must, before the time expires, pay or tender, yearly in advance, the agreed interest on the purchase price, accord-

ing to the terms of the contract, and this because, after a reasonable time has elapsed, and the right has terminated, it cannot be revived by a mere offer to comply with the option for an extension. In that case, it was held that the failure to begin to cut for twelve years was unreasonable and forfeited the right.

In this case, fourteen years elapsed between the date of the conveyance and the commencement of this action, without action of any sort by the grantees looking to the exercise or the preservation of their rights under the deed. The tender of interest to secure an extension of time was not made until fifteen years after the conveyance, and a year after suit brought to remove the deed as a cloud on plaintiff's title. There is nothing in the evidence upon which this case can be differentiated from Minshew's case, and the decision must be the same—that defendant's right to cut the timber is gone.

The Circuit Court found that the failure to commence to cut for nearly fifteen years was unreasonable, but leaning no doubt to the principle of equity against forfeiture, held that the Court should fix the time within which the cutting should have been commenced just as if it had in fact been commenced, and thus put in operation the running of the first definite period of ten years. But the Court must enforce the contract as made and performed by the parties and declare their rights accordingly, and not as they should have made it, or exercised their rights under it. The Court can not, therefore, fix the time when the cutting should have begun, and add to that the ten years during which it might have been continued, if it had been begun, and, in addition to that, allow the defendant the option of extending it ten years longer by the payment of interest. Having fixed the time within which the cutting should have been commenced, and found that it was not commenced within that time; in other words, having found that the cutting had not been commenced within a reasonable time, it followed that the right

to cut was ended, and it could not be revived or extended except by consent.

Upon the evidence and the authority of McSwain's 6, 7 case, 96 S. C. 155, 80 S. E. 87, we must overrule respondent's sustaining ground.

Judgment reversed.