**FAULKNER et al. v. ALLEN.**

No. 6911—Opinion Filed April 2, 1918.

Rehearing Denied July 30, 1918.

(173 Pac. 1133.)

**1. Logs and Logging—Sales—Construction—Reasonable Time.**

Except in extreme cases where the period is very short or very long, the court cannot determine as a matter of law whether the reasonable time within which the grantee of a timber privilege should exercise the same has or has not expired.

**2. Same.**

What is a reasonable time within which timber under a deed should be removed is generally a mixed question of law and fact, and generally what is a reasonable time must be determined from the facts and circumstances peculiar to that case.

**3. Same.**

Evidence examined, and held to support the findings of the court that under the circumstances in this case a reasonable time had elapsed, and that the timber had not been removed.

(Syllabus by West, C.)

Error from District Court, Pushmataha County; Summers Hardy, Judge.

Suit by C. B. Allen against N. C. Faulkner and another to quiet title. Decree for complainant, and defendants bring error. Affirmed.

S. E. Welch and S. A. Horton, for plaintiffs in error.

Arrington & Arrington, for defendant in error.

Opinion by WEST, C. This was a suit by defendant in error, plaintiff below, against plaintiffs in error, defendants below to quiet title to certain lands situated· in Pushmataha county, Okla. The only question involved in the trial court was whether or not the defendants had forfeited their rights under a certain timber contract made by the original allottee of the land to plaintiffs on the 20th day of September, 1908, conveying all trees and timber of every and any description, felled, windfall, standing and growing or being upon the premises in controversy, no time having been specified in said contract for the removal of said timber. Said contract contains the following stipulation:

"It is further agreed by and between the parties:

"First, the party of the second part shall have to that end the right (a) of uninterrupted access to and egress from said land for all persons, animals, machinery and materials, which, in the judgment of the second party are necessary for such work, (b) to place, equip and maintain personally or by contract with other parties on said land all railroads, wagon roads, tramways and other necessary means of conveyance; (c) to erect, maintain and operate on said land such sawmills, dry kilns, and other buildings and improvements. as in his judgment may be necessary for the sawing and seasoning and care of said trees and timber; (d) to build, erect and maintain upon said land all necessary houses for employes and shelter for stock and any and all other necessary improvements of whatever name or nature.

"Second. The party of the second part shall have a reasonable time after the said trees and timber shall have been cut and removed, or after this contract shall be terminated, in any other manner within which to remove any and all improvements of every nature and description placed by him on said lands. * * *"

Plaintiffs in error ,in their brief use the following language:

"The writer of this brief, however, has always felt that a lawyer owed the court a higher duty than the mere reversal of his case, and that he ought to be able to specifically set out what the law in the case is, for the purpose of setting a precedent for future adjudication."

However, in his brief he fails to refer to or set forth any specifications of error relied on in his petition in error, but does set out in his brief the following findings of the court, of which he complains:

"In the opinion of the court at the time the timber deed in question was executed, it was a valid contract, and, no time being specified by its terms in which the timber

snould be removed, that under the law the grantee therein would be entitled to a reasonable time under the circumstances in which to remove the timber, and the court finds that under the circumstances in this case a reasonable time has elapsed, and that the timber has not been removed"

—complaining that the court should not have found under the circumstances that the plaintiff in error had had a reasonable time in which to remove such timber, and that the same had not been removed, but fails to set forth any of the evidence relied upon that was in any way contrary to the finding of the court of which he complains. As was said by this court in case of Ebey, Receiver, v. Krause, 35 Okla. 689, 130 Pac. 1100:

"As stated by counsel, the assignments of error relied upon 'present but one question, and that is really the only question in this case, namely, Did the defendant in er·or relieve himself of the obligations he assumed by subscribing for the capital stock and becoming one of the incorporators, officers, and directors of the insolvent corporation by the action he claims to have taken?' It is obvious that in order to review that question it would be necessary to examine the record and the evidence upon which the court below based its conclusion. Rule 25 of this court (20 Okla. xii, 95 Pac. viii) requires that the brief of the plaintiff in error 'shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made in this court.' And it further provides that: 'A party need not include in his abstract all the evidence in support of a claim on his part that it does not show or tend to show a certain fact, but when such a question is presented, the adverse party shall print so much of the evidence as he claims to have that effect.' The brief in the instant case is entirely wanting in all of the foregoing particulars. For failure to comply with the rule quoted, the court declines to review the assignments of error set out in the brief."

This decision would very promptly dispose of this appeal, if we were inclined to apply this law; but, adhering to the sentiment so beautifully expressed in plaintiff in error's brief, we are mindful, however, that the court owes a higher duty to the litigants than the mere affirmance of the court below on account of the failure of plaintiff in error's attorney to comply with the rules in the preparation of his brief. and are inclined to decide this case on its merits for the purpose of setting a precedent for future adjudication.

We have read the authorities cited both by plaintiff in error and defendant in error, and believe that the following excerpt from the opinion in case of Brinson & Co. v. Kirkland, 122 Ga. 486, 50 S. E. 369, delivered by Justice Lamar, states the correct rule that should be applied in this case, as follows:

"Except in extreme cases where the period is very short or very long, the court cannot determine, as a matter of law, whether the reasonable time within which the grantee of a timber privilege should exercise the same has or has not expired."

What is a reasonable time in a given case within which timber under a deed should be removed is generally a mixed question of law and fact; what would be a reasonable time in one case would not be a reasonable time in another, and therefore in every case the question of what is a reasonable time must be determined from the facts and circumstances peculiar to that case. The very language of the contract of sale of timber contemplated that this was not to be a perpetual grant, because it was specifically provided in the contract that the second party should have a reasonable time after said trees and timber shall have been cut and removed, or after the contract shall be terminated in another manner, within which to remove any and all improvements of every nature and description placed by him upon said lands. The evidence in this case discloses that the defendant in error was upon said land trying to farm the same; that he bought the premises for a home and for the purpose of putting said land into cultivation and farming the same; that he had been living on it for two years, and had begun clearing the land, preparatory to putting same into cultivation; that he had at that time about 25 acres in cultivation, and that was an insufficient quantity of land to make a living for himself and family; that he had no other occupation, and that if he could not proceed with the improvement of the premises, he would be compelled to abandon the same and move to some other locality; that there was approximately 300 acres of said land suitable for cultivation. The testimony on the part of the defendant discloses that they had not made any effort to remove any of the timber from said land; that practically five years had elapsed from the time of the execution of their bill of sale at the date of trial; and that defendants did not know when they would or could remove said timber.

We are of the opinion that the evidence amply supports the finding of the learned trial judge, to the effect that under the circumstances in this case a reasonable time had elapsed, and that the timber had not been removed. For the reasons hereinbefore set forth said cause is in all things affirmed.

By the Court: It is so ordered.