10510

FORE v. MARION COUNTY LUMBER CO.

(104 S. E. 179.)

1. DEEDS—INSTRUMENT, CONTAINING NO WORDS OF INHERITANCE, CARRIES ONLY LIFE ESTATE.—Though plaintiff's mother, who conveyed lands to him, intended to grant the fee, yet as the deed contained no words of inheritance in the granting or habendum clauses, only a life estate passed, notwithstanding the instrument contained the usual covenants of warranty.

2. LOGS AND LOGGING—RIGHT OF REMOVAL TERMINATED BY LAPSE OF 13 YEARS.—Where a timber deed gave the grantee 10 years within which to cut and remove the timber from the time it should commence, and provided for additional time on payment of a percentage of the purchase price, the company had a reasonable time within which to commence cutting, and a delay of 13 years would work a termination of the rights; such delay being unreasonable.

3. LOGS AND LOGGING—DELAY IN COMMENCING CUTTING NOT EXCUSED, THOUGH GRANTOR THEN HAD ONLY LIFE ESTATE.—Where the grantor had only a life estate in land, although he had an equitable interest, and after the defect in his title was discovered it was remedied, and he acquired a fee simple title, a timber grantee cannot excuse 13 years' delay in commencing cutting on the ground that the grantor during that period did not have a fee simple estate, and so could not grant the right to cut the timber, the timber deed containing covenant of warranty, and it being apparent that the defect in title would be corrected as soon as discovered.

Before TOWNSEND, J., Dillon, October term, 1919. Modified.

Action by Tracy E. Fore against Marion County Lumber Company to declare a timber deed void, and to enjoin cutting. From judgment for defendant, the plaintiff appeals.

*Messrs. L. D. Lide* and *H. S. McCandlish,* for appellant, cite: *Reasonable time for cutting under a timber deed dependent upon facts and circumstances surrounding parties at the time the contract was made, and representations by purchaser at time of purchase as to when cutting would*

NOTE.—On effect of expiration of time for removal of timber, see note in 47 L. R. A. (N. S.) 882.

commence are competent in determining the question of reasonable time: 98 S. C. 8; 102 S. C. 289; 102 S. C. 238; 254 Fell. 195; 108 S. C. 108. *Party guilty of laches loses his rights:* 98 S. C. 8. *Contract of sale to another not relevant:* 102 S. C. 289. *Defendant had right to ask reformation of deed:* 34 Cyc. 951, 964. *No question that waste by life tenant may be enjoined by remainderman:* 36 L. R. A. (N. S.) 1108. *While it is true that covenant of warranty is broken when paramount title can be shown in another:* 3 Hill 299; *but apparent defect without eviction constitutes no breach of warranty.*

*Messrs. Henry E. Davis* and *M. C. Woods,* for respondent, cite: *Warranty of life tenant as against remaindermen is null and void:* Sec. 3498, 1 Civil Code 1912. *Grantee must respect holder of superior title:* 90 S. C. 426. *Where contract is open to legal and illegal constructions, the Court will adopt a construction that requires the intention to be carried out in the legal way:* 117 U. S. 567. *Committing or allowing waste by life tenant is a breach of trust:* 1 McC. Eq. 227; 1 Hill Eq. 69; Riley Eq. 53. *Cutting of timber is waste:* 2 Hill Eq. 277; *except for fuel and fencing:* 2 DeS. 65. *Waste by life tenant is a trespass or tortious act:* 36 L. R. A. (N. S.) 1108; 38 L. R. A. 694; 1 Washburn Real Prop. 116, *et seq. Laches:* 111 S. C. 382; 43 S. C. 441. *Record of deed proper:* 93 S. C. 254. *Reasonable time:* 12 Ann. Cas. 918-20. *Under warranty an after acquired title inures to the benefit of the grantee:* 93 S. C. 258. *Defense based on estoppel need not be plead, but may be proved under general denial:* 93 S. C. 193; 81 S. C. 329; 27 S. C. 235.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Plaintiff sued to enjoin defendant from cutting the timber on a certain tract of land, on the ground that the right to cut it had terminated by lapse of time before the cutting was commenced.

The tract was conveyed to plaintiff by his mother by deed, dated November 24, 1893, and duly recorded. She intended to convey to him a fee simple title, but by mistake of the scrivener there were no words of inheritance in the granting or habendum clauses, and, therefore, the deed conveyed only a legal life estate, notwithstanding it contained the usual general warranty of the title to plaintiff, his heirs and assigns. *McMichael v. McMichael,* 51 S. C. 555, 29 S. E. 403.

On July 5, 1898, plaintiff conveyed to Cape Fear Lumber Company certain timber on the tract, with full covenants of warranty, both parties believing that he had good title and the right to convey. The deed provided that the company should have 10 years within which to cut and remove the timber from the time it should commence to cut it, and if it was not cut and removed within that time, it was to have 10 years' additional time, on payment of 6 per cent. on the purchase price. In August, 1904, Cape Fear Lumber Company conveyed its rights to defendant.

None of the parties in interest knew of the mistake in plaintiff's deed until the spring of 1912, when it was discovered and brought to the attention of both plaintiff and defendant. As soon thereafter as practicable, plaintiff procured from the other heirs of his mother, who had died in 1906, a deed, dated April 12, 1912, wherein the mistake was acknowledged and corrected, and a fee simple title to the tract was vested in him. Defendant began to cut the timber in January, 1913, and this action was brought for damages and injunction.

According to our decisions construing similar contracts, plaintiff's grantees were entitled to a reasonable time within

which to commence cutting the timber, and after the lapse of a reasonable time the right was terminated. *Minshew v. Lumber Corporation,* 98 S. C. 8, 81 S. E. 1027; *Gray v. Marion County Lumber Co.,* 102 S. C. 289, 86 S. E. 640. These cases also hold that what would be a·reasonable time must be determined upon the· facts and circumstances of each case, which reasonably may be supposed to have been within the contemplation of the parties when the contract was made. In Minshew's case, it was held, on construction of a similar contract, that the lapse of 13 years without any action looking to the removal of the timber was an unreasonable time, and terminated the right of removal.

The facts and circumstances of this case do not differ in any material respect from Minshew's, Gray's, and other cases in which the right was held to have been terminated by lapse of time, except the fact that, at the date of his deed to the lumber company, plaintiff did not have a legal fee simple title to the land, and, therefore, could not convey the legal right to cut the timber. The sole question, therefore, is whether that fact is sufficient to take this case out of the rule established by those decisions. We think not, because the technical defect in plaintiff's deed was unknown to any of the parties in interest, and had nothing to do with the delay of the defendant, or its predecessors in title, in commencing to cut the timber. If the defect had been discovered during the currency of a reasonable time to commence cutting, and had been called to plaintiff's attention, and he had not removed it, or procured for his grantees the right to cut the timber without subjecting themselves to liability to the remaindermen, a different situation would have been presented, calling for the application of different principles. But we do not perceive upon what principle of law, justice, or equity defendant can be allowed to take advantage of a fact which had no agency in causing the delay or nonaction which put an end to its rights. Its situation is the same as

it would have been, if plaintiff had had a perfect legal title In determining whether defendant has shown a good excuse for failing to cut within a reasonable time, we should consider only those facts and circumstances which may reasonably be supposed to have influenced its conduct.

Since the defect in plaintiff's deed was constructively known to both parties, it may be presumed that the purchasers relied upon his warranty. If so, they should have given him the opportunity to make it good within a reasonable time, for, while plaintiff did not have a legal fee simple, according to the undisputed evidence, he had an equitable title, which would have afforded complete protection to his grantees in cutting the timber. Besides, it is fair to presume that he could and would have procured the legal title at any time during the currency of the time to cut as early as he did after that time had elapsed, if he had been called upon to do so, or that he would have taken such other action as might have been necessary to protect his grantees in the exercise of the rights which he had granted, and so make good his warranty.

We think the Circuit Court erred in concluding that the time to cut did not commence to run until the legal right to do so was perfected in plaintiff by the deed of April, 1912, which, of course, would have inured to the benefit of his grantees, if their rights had not already been terminated. But, as a reasonable time had already elapsed and their rights with it, the deed could not be allowed to have the effect of reviving them.

The judgment below is modified accordingly, and the case is remanded for such further proceedings as may be proper.

Modified.