O. G. LEWISON, Appellee, v. O. L. AXTELL, Appellant.

**CONTRACTS:** Construction—Logs and Logging. A contract which grants to another all the timber on a specified tract of land will be construed as embracing the timber *then* on the land, and not the timber on the land a half century later,—there being no showing that the parties intended the grant to be perpetual.

*Appeal from Hardin District Court.*—E. M. McCALL, Judge.

NOVEMBER 20, 1923.

ACTION in equity, to quiet title to real estate. Decree as prayed. Defendant appeals.—*Affirmed.*

*Aymer D. Davis,* for appellant.

*Peisen & Soper,* for appellee.

STEVENS, J.—A fork of the Iowa River traverses the northwest quarter of the northeast quarter of Section 28, Township 88, Range 21, Hardin County, so as to leave a tract of about 10 acres on the west side of the river. This tract is owned by appellee, and the tract on the east side of the river by appellant. The present controversy arises out of a written instrument

executed March 7, 1867, by and between L. L. Durham, who was then the owner of the 10-acre tract, and Jacob Whaley, who owned the land on the east side of the river. By the terms of the written instrument, Whaley agreed, for himself, "his heirs and assigns, administrators and executors," to maintain a fence on the east side of the river, so as to keep stock from crossing to the other side, and to give Durham, his heirs and assigns, a right of way "to pass up said stream on the east side across said land forever." Durham "agrees to let the said Whaley have all the timber and brush that there is on the immediate border of the west side of said stream, as far as the above described land shall run along said stream."

Durham conveyed the 10-acre tract on the west side of the river, on March 19, 1891, by warranty deed, to Leroy J. and Malinda Nott, jointly, who, in turn, on February 17, 1892, conveyed same by a like instrument to appellee. On August 9, 1889, Whaley conveyed the land on the east side of the river to appellant. The contract is not mentioned in any of the deeds. Nothing further than appears in the contract is shown in the evidence, as to the circumstances resulting in its execution. Whaley maintained the fence and permitted the owner of the Durham land to have a driveway, as provided by the contract. The same right has been extended to appellee since appellant acquired title to the land. So far as the record shows, no timber was ever removed from the "immediate border of the west side of the stream" by either Whaley or appellant. The timber growing on the west side of the river consisted of ash, elm, and willow trees. Appellee testified that he thought there were none now standing on the "immediate border of the west side of said stream" that were there when the contract was entered into, and that he has, from time to time, cut and removed much of the poorer quality of timber,—that is, such as was suited for firewood,—and that some desirable ash and elm trees are still on the premises.

The only question presented for decision is whether appellant now has a right to remove timber or brush from the west side of the river. The question is one of interpretation only. It is the law in this state that one who contracts for the purchase of growing trees must remove the same within the time speci-

fied, and, if the contract is silent as to time, then within a reasonable time after the contract becomes effective. *Baker v. Kenney*, 145 Iowa 638. A different rule prevails in some jurisdictions. The contract appears to have been drawn with care. By it, Whaley bound himself, his heirs, assigns, administrators, and executors, and gave Durham, his heirs and assigns, a perpetual right to "pass up said stream on the east side across said land." On the other hand, the obligation of Durham is not, by its terms, binding upon his heirs, executors, or assigns, but simply grants Whaley permission to have all the timber and brush "that there is on the immediate border of the west side of said stream." It seems to us that this provision of the contract gave Whaley the right to remove only the brush and timber then on the land. This he was bound to do within a reasonable time. More than 50 years have elapsed since the contract was executed, and more than 30 years since appellant acquired title to the land on the east side of the river. Appellant testified that some of the trees near the bank were there when he was a small boy—more than 50 years ago. The size of the trees, as shown by the evidence, would seem hardly to bear out appellant's recollection; but, be that as it may, whatever right appellant or his grantor acquired under his deed and the written contract has long since been extinguished by their failure to remove the timber. There ·is nothing in the contract from which it can be inferred that the parties intended the right to be perpetual. It is true that appellant, upon one or two occasions, in conversation with appellee, asserted ownership to the timber on the immediate bank of the river, and that a settlement of the controversy was discussed between them. Appellee is not shown to have otherwise in any way recognized or acquiesced in the right now sought to be asserted by appellant. It seems to us that the conclusion reached by the court below is based upon the correct interpretation of the contract, and does substantial justice between the parties. Whether the contract had any other consideration than the mutual agreements contained therein is not shown, and must quite naturally, after the lapse of so many years, be left to speculation.

We have not overlooked the contention of appellant as to the correct interpretation of the contract. On the contrary, the

argument of counsel is both plausible and persuasive. If all of the facts and circumstances surrounding the transaction were known to us, possibly the interpretation of counsel might harmonize with the intention of the parties. It is true that the contract does not, in terms, provide for the removal of the timber and brush from the immediate border of the stream, but such would seem to be the clear and necessary implication. The right has evidently not been deemed a very valuable one by appellant. The large trees now standing near the bank of the river doubtless have considerable value, but not for any of the probable purposes suggested by counsel as having been in the minds of the parties at the time the contract was executed. The conclusion announced above is the one that most forcibly appeals to the court.

The judgment and decree of the court below is—*Affirmed.*

PRESTON, C. J., EVANS and DE GRAFF, JJ., concur.