### Hudson, et al. v. Cox.

(Decided May 8, 1925.)

### Appeal from Ohio Circuit Court.

1. Logs and Logging—On Agreement that Vendor could Take Timber, Law Implies that it will be Taken in Reasonable Time.—Where vendor and purchaser agreed that vendor, after conveyance,

could remove enough timber for designated purposes, law implies that it will be removed in reasonable time.

2. Logs and Logging—Delay of Nearly Two Years by Vendor to Take Timber from Land Sold Held to Cause Loss of Rights to Remove Timber.—Delay by vendor for nearly two years, after conveyance of land, before taking timber therefrom in pursuance of agreement with purchaser, was unreasonable and caused him to lose right to take timber.

BARNES & SMITH for appellants.

J. S. GLENN and R. E. LEE SIMMERMAN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

Appellants, co-owners of a tract of land in Ohio county which one of them had bought from appellee, brought this action to enjoin the latter from cutting timber on the land in question and for damages in the sum of $200.00 for timber theretofore cut. Appellee defended on the ground that from the deed he made to the named appellant for the land in question there was omitted by mutual mistake a provision of the contract of sale to the effect, quoting from defendant's answer, that he "reserved from said sale sufficient timber to be cut from said land by him to make two barn patterns and one double crib pattern, the said amount of timber so reserved being estimated to be 36,900 feet, and to be beech, sycamore, elm, sugar, gum and black oak to be selected by him." Appellants in their reply denied that any such reservation was omitted by mutual mistake or that it was a part of the contract of sale, but admitted that after the sale, or at least contemporaneously with it, the named appellant did agree with appellee that he should have enough timber off the land to make one barn pattern and one double crib pattern, providing the same was removed by January following the making of the deed, which was in October, 1918. The proof convincingly shows the agreement as stated by appellee and that the reservation so quoted was omitted through a mutual oversight. Appellee claims, and his proof bears him out, that no time was fixed in the arrangement for the removal of the timber. In November following the making of the deed appellee took from the land without objection then or now over 8,000 feet of the timber, but bad weather and winter setting in, he ceased operations and never undertook to

resume them or take off any more timber until August, 1920.

It is apparent therefore that two questions are presented on this record. First, did appellee have the right to remove this timber at any time, or was he confined to a reasonable time for its removal? If the latter, then was the delay until August, 1920, unreasonable? It will be observed that the so-called reservation of appellee was of no particularly designated timber, nor timber from any particular part of the farm which seems to have been heavily wooded. By it, he was simply to have the right to remove enough timber from certain kind of trees which he might thereafter select, sufficient to build a double crib pattern and two barns. In Hicks v. Phillips, 146 Ky. 305, 142 S. W. 394, after a thorough examination of the authorities, this court came to the conclusion that where the grantor in a deed conveying land reserves the timber on a *specified* part of the land, and the deed is silent as to the time of removal, and there is nothing in the other stipulations of the contract or in the situation of the parties or the circumstances surrounding them at the time the contract is executed to show that a severance of the timber from the soil was contemplated, the title to all the timber then standing on the land specified remains in the grantor and is not lost or destroyed by his failure to cut and remove the timber within a reasonable time; but where the parties intend that the timber shall be severed from the land, and no time is fixed therefor, the law implies that it will be removed within a reasonable time. The case of Kentucky Coal & Timber Development Co. v. Carroll Hardwood Lumber Co., 154 Ky. 523, 157 S. W. 1109, lays down the same rule.

This case before us clearly falls within the latter alternative of the above rule. The situation of the parties, the surrounding circumstances and the nature and character of the reservation unerringly indicate that it was contemplated that the timber in question should be severed from the land, and since the parties by their agreement fixed no time for that purpose the law steps in and implies a reasonable time. There is not a scintilla of evidence in this case as to why the appellee did not avail himself of the spring, summer and fall of 1919 to remove this timber, or even the spring of 1920, and we have concluded that by waiting until August, 1920, he has gone by the time which the law says is a reasonable time,

considering all the facts and circumstances of the case. Hands and teams were available during the year 1919, the land was accessible at least during the good weather of that year, and in the absence of some explanation for the delay we must regard it as unreasonable. Appellee having failed to remove the timber within a reasonable time, he has lost his rights thereafter to remove it. Kentucky Coal & Timber Development Co. v. Carroll Hardwood Lumber Co., *supra.* The case, therefore, will have to be reversed since the lower court dismissed appellant's petition, reformed the deed, and declined to enjoin the appellee from cutting the timber. It appears in the record, however, that the $200.00 damages asked for was to cover some 27 trees cut by appellee before the injunction was served upon him. These trees were left on appellant's ground, but what has become of them during the litigation we do not know and, in the shape that the record is now, we are unable to say that appellant is entitled to the full value of these trees which he may have gotten pending the litigation. The parties will be permitted on return to the lower court if they so desire to litigate concerning what has become of these trees, and the court can thereupon enter the necessary and proper judgment on this branch of the case.

Judgment reversed.