**STATE of Oklahoma ex rel. OKLAHOMA PLANNING AND RESOURCES BOARD, Plaintiff in Error,**

**v.**

**Otto SMITH and Russell Austin, Defendants in Error.**

**No. 37610.**

Supreme Court of Oklahoma.

Oct. 29, 1957.

Mac Q. Williamson, Atty. Gen., J. Walker Field, Asst. Atty. Gen., James C. Har-

kin, Asst. Atty. Gen., for plaintiff in error.

A. James Gordon, McAlester, Bob Perdue, Wilburton, Robinson, Shipp, Robertson & Barnes, by Leon Shipp, Oklahoma City, for defendants in error.

WILLIAMS, Justice.

This action was brought by the State of Oklahoma, ex rel. Oklahoma Planning and Resources Board, hereinafter referred to as plaintiff, to quiet title to 240 acres of land in Latimer County, Oklahoma, as against Otto Smith and Russell Austin, hereinafter referred to as defendants. After numerous pleadings had been filed by both parties and the cause had been set for trial, plaintiff filed a motion for judgment on the pleadings. At the hearing on such motion it was stipulated by the parties that the only disputed matter concerned the timber growing upon the lands in question and that defendants were entitled to judgment on the pleadings as to an undivided one-half interest in and to the oil, gas and other minerals in and under said lands. and that plaintiff was entitled to judgment on the pleadings as to the "surface" of said land, the only question left for determination by the court being the question of the ownership of the timber growing on. said land.

The trial court overruled the motion for judgment on the pleadings in so far as the timber was concerned, but rendered judgment on the pleadings for plaintiff as to the "surface" of said land, except as to the timber growing thereon, and for the defendants as to an undivided one-half interest in and to the oil, gas and other minerals in and under said lands, and ordered the cause to trial on the merits in so far as the timber and timber rights were concerned.

At the trial of the cause it was stipulated by the parties that on or about January 5, 1938, the Atlas Powder Company, a Delaware Corporation, and then the owner of the 240 acres of land involved herein, donated the same to the State of Oklahoma, acting by and through the Oklahoma Plan-

ning and Resources Board, and its division of State Parks, for park purposes, and, by deed dated January 5, 1938, conveyed the same to said State of Oklahoma for park purposes; that such gift and deed evidencing the same were duly accepted by the State of Oklahoma, acting by and through the Oklahoma Planning and Resources Board, and said deed was shortly thereafter filed for record. After introducing the above described deed in evidence, plaintiff rested, and the trial court then sustained defendants' demurrer to such evidence and motion for judgment thereon, and rendered judgment in favor of defendants and against the plaintiff as to the timber growing on the lands herein involved.

Plaintiff has perfected this appeal and asserts that the trial court erred in overruling plaintiff's motion for judgment on the pleadings as to the timber growing upon the lands herein involved, and in failing to render judgment on the pleadings in favor of the plaintiff and against the defendants as to said timber and that the court erred in sustaining the defendant's demurrer or motion for judgment on the plaintiff's evidence, and rendering judgment in favor of the defendants and against the plaintiff as to said timber.

The deed of January 5, 1938, by Atlas Powder Company, a Delaware Corporation, as grantor, above referred to, grants to the State of Oklahoma the 240 acres of land involved in this action, to have and to hold the same unto the State of Oklahoma, its successors and assigns, forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and incumbrances of whatsoever nature. Said deed contains no reservations nor exceptions in either the granting clause or the habendum clause, but following the habendum clause, contains the following provisions:

"Excepting and Reserving in the above described parcel of land all the oil, gas and other minerals, together with timber on the surface thereof, with the right of ingress and egress over and under the surface of land herein conveyed for the purpose of removing the items reserved.

"This deed is made with the understanding and agreement on the part of the party of the second part that the premises herein described will be used for park purposes, and if at any time it ceases to be so used, the property will thereupon revert to the party of the first part."

On July 12, 1956, Atlas Powder Company, a Delaware Corporation, as grantor, executed and delivered to Elmer H. Wahl, as grantee, a deed conveying "all rights, titles, interests and privileges, including reversionary rights, reserved and retained by Atlas Powder Company" in and to the 240 acres of land here involved in its deed of January 5, 1938, to the State of Oklahoma.

On July 13, 1956, Elmer H. Wahl and Marian Wahl, his wife, as grantors, executed and delivered to Otto Smith and Russell Austin, defendants herein, as grantees, a deed conveying the same lands and rights as those covered by the deed of July 12, 1956, above mentioned, but subject to a prior conveyance of an undivided one-half interest in all the minerals in and under the lands involved.

Plaintiff asserts that as a matter of law, under the uncontroverted facts set forth in the pleadings, plaintiff, under the above described deed of January 5, 1938, and after the expiration of a reasonable time thereafter for the grantor in said deed, and its successors in interest as to the timber reservation therein, to cut and remove the timber growing on the lands described in said deed, acquired the title to, and the right to possession of the timber growing on the lands here involved. The authorities cited by plaintiff [appear to] support such contention. We have held that a timber deed or contract, conveying all of the growing timber on specified land, with the right to go upon such land for the purpose of cutting and removing the timber therefrom, creates a "terminable" estate in the growing timber; and, if such deed or

contract specifies the time allowed for such cutting and removal, such provision of the deed or contract controls and the holder of such right has that time, but only that time, to cut and remove the timber, but, if such deed or contract does not fix any time in which such timber must be removed, the holder of such right has a "reasonable time" under all the circumstances, within which to exercise his right to cut and remove the timber from such lands. Mitchell-Crittenden Tie Co. v. Crawford, 61 Okl. 191, 160 P. 917; Faulkner v. Allen, 70 Okl. 280, 173 P. 1133; Ross v. Choctaw Lumber Co. 176 Okl. 399, 55 P.2d 1041; Blake v. Burnett-Hauert Lumber Co., 192 Okl. 244, 135 P.2d 325; Dierks Lumber & Coal Co. v. Fry, 203 Okl. 467, 223 P.2d 113, 21 A.L.R.2d 614. In the second paragraph of the syllabus in Mitchell-Crittenden Tie Co. v. Crawford, supra, this court said:

"An instrument conveying standing timber, which specifies no time for its removal, grants a terminable estate in such timber, which may end when a reasonable time for such removal expires. What constitutes such reasonable time is dependent upon the facts and circumstances of the particular case."

In Ross v. Choctaw Lumber Co., supra [176 Okla. 399, 55 P.2d 1042], this court reaffirmed the rule announced in Mitchell-Crittenden Tie Co. v. Crawford, supra, and in the opinion therein said:

"The reason for such a rule is obvious. Where a land owner merely sells the timber, but retains full title to the land itself, there should be some time when he is again restored to the full possession of the land and his title freed of the timber contract and the burdens incident thereto."

Defendants suggest that the above cited cases are not in point because they all involve grants of timber or timber rights by deed or contract, and contend that this court has never decided the question of ownership of timber where the same is excepted from the grant in a deed, as was done in the case at bar. However, defendants cite no authority holding that the quality or character of the estate in the timber or timber rights created by reservation or exception would be any different than one created by grant, and we know of no such authority. In the only case on the subject that has come to our attention, Ozan-Graysonia Lumber Co. v. Swearingen, 168 Ark. 595, 271. S.W. 6, the Arkansas court held that an exception of timber from the operation of a deed is the same in effect, as a reservation, and the effect thereof is the same as if there had been an absolute conveyance of land without any exception or reservation and then a reconveyance of the timber by the grantee to the grantor. To hold, as defendants would apparently have us do, that a separate estate in timber created by grant creates merely a terminable estate, or an estate determinable upon the failure to remove the timber within a reasonable time, but that a separate estate in timber created by exception or reservation creates a fee simple estate, or a perpetual right to have the timber remain on the land and a perpetual right to enter and remove it, would be to make a distinction without basis in law or logic, and we decline to so hold.

The real question presented by this appeal, is whether, when no time is specified for cutting and removal in a contract of sale or deed of timber, or in a deed of the land reserving or excepting the timber, the purchaser or grantor, as the case may be, will be held obligated to remove it within a reasonable time, or whether he will be held to have a right to have the timber remain on the land in perpetuity. This question is exhaustively treated in the annotations found in 15 A.L.R. 41, 31 A.L.R. 944, 42 A.L.R. 641, 71 A.L.R. 143, and 164 A. L.R. 423. As indicated in the above annotations, the efforts of the various courts of the various jurisdictions in this country to answer such question have resulted in considerable conflict of opinion. As a matter of fact, a case or cases supporting almost every conceivable answer to such question, upon almost every conceivable theory, can be found among the numerous cases listed

or cited in the above referred to annotations. Defendants contend that a party owning the fee in land may convey such portion thereof as he pleases, excepting from the conveyance all timber and reserving the right to remove the same as a perpetual right, and that such was the effect of the deed here involved. In support of such contention, defendants have cited those cases found in the above A.L.R. annotations which hold that a reservation, exception or grant of timber, in which no time for removal is stated, reserves, excepts or conveys a right to have such timber remain on the land in perpetuity.

It is, of course, possible for the parties to agree upon timber rights in fee, but it has been widely held that a grant or reservation of timber will not be construed as giving a perpetual right, unless it is plainly manifest that such was the intent of the parties, since such rights are extremely burdensome. Roux v. Houk, 101 Fla. 64, 133 So. 853; Wilson Cypress Co. v. Stevens, 106 Fla. 717, 143 So. 661; Ream v. Fugate, 265 Ky. 463, 97 S.W.2d 11; Altizer v. Jewell Ridge Coal Corp., 157 Va. 1, 160 S.E. 47; Nelson v. McKinney, 163 Wash. 529, 1 P.2d 876; Hay v. Chehalis Mill Co., 172 Wash. 102, 19 P.2d 397; Jones v. Gibson, 118 W.Va. 66, 188 S.E. 773; Livingston v. Drew Lumber Co., 82 Fla. 508, 90 So. 466; Lewison v. Axtell, 196 Iowa 977, 195 N.W. 622; Hill v. Vencill, 90 W.Va. 136, 111 S.E. 478; McNair & Wade Land Co. v. Adams, 54 Fla. 550, 45 So. 492; Cummer Co. v. Yager, 75 Fla. 729, 79 So. 272; McRae v. Stillwell, 111 Ga. 65, 36 S.E. 604, 55 L.R.A. 513; Johnson v. Powhatan Min. Co., 127 Va. 352, 103 SE. 703. In Ream v. Fugate, supra [265 Ky. 463, 97 S.W.2d 15], the Kentucky Court said:

"In many jurisdictions it is held that an agreement giving a purchaser a perpetual right to have the timber remain on the land is so unreasonable in nature that no contract will be construed as having that effect unless it is clearly manifest that such was the intention of the parties. * * * Since

a sale of the timber by the owner of land giving the purchaser a right in perpetuity for the timber to remain on the land virtually surrenders or destroys the right to the surface, the reason for such holding is at once apparent."

In the case of Decker v. Hunt, 111 App. Div. 821, 98 N.Y.S. 174, 175, the New York Court held that a deed by the owner of adjoining farms, of one of the farms, in which there was contained an exception in the words, "excepting and reserving the standing timber on the south end of farm adjoining * * * and the right of way to and therefrom," required the removal of the timber reserved within a reasonable time. The court stated that if the grantor, and those who succeeded him to the right, might for all time neglect to remove such timber, and still hold and own the same, it would practically prevent the owner of the land from clearing up and using that part of the farm upon which the timber was standing, and would, in effect, be an exception of all that part of the farm itself, a purpose clearly in direct contradiction of the whole conveyance. Although there is authority to the contrary, we are of the opinion that the above cited cases represent the sounder view. Our own decisions in Mitchell-Crittenden Tie Co. v. Crawford, supra, and Ross v. Choctaw Lumber Co., supra, are in accord with the views expressed in the above cited cases, and we see no reason to depart therefrom.

When the foregoing principles are applied to the deed here in question, it is apparent that the same did not reserve to the grantor a right to the timber in perpetuity. The clause in the deed in question in which the timber is reserved does not contain the words "heirs and assigns, forever", nor "successors and assigns, forever" nor any other words clearly manifesting an intention that the grantor should have a perpetual right to have the timber remain on the land. In fact, the language of the reservation in the deed here in question is almost identical with that of the reservation in the case of

Decker v. Hunt, supra, above set out. Any doubt as to the construction to be placed upon a deed of land reserving the timber thereon, is to be resolved most strongly against the grantor, and so as to confer on the grantee the greatest estate that the terms thereof will permit. 54 C.J.S. Logs and Logging § 7, p. 680; Moore v. Young, 162 Mich. 237, 127 N.W. 339; Oliver v. Johnson, 166 Or. 475, 113 P.2d 430; Texas Creosoting Company v. Hartburg Lumber Co., Tex.Com.App., 12 S.W.2d 169; such being the case, it is apparent that the deed here in question only reserved to the grantor, and to the defendants herein as its successors in interest, a terminable estate in the growing timber, and since such deed did not fix any time in which such timber must be removed, the grantor, and its successors in interest, had only a reasonable time within which to exercise the right to cut and remove the timber from the lands here involved.

■ Having held that defendants' grantor had a reasonable time only within which to exercise the right to cut and remove the timber from the lands here involved, we are then faced with the question of what constitutes such a reasonable time, and whether such period of time has expired. In Mitchell-Crittenden Tie Company v. Crawford, supra, we held that what constitutes such reasonable time is dependent upon the facts and circumstances of the particular case. In Faulkner v. Allen, supra, we said that what is a reasonable time in a given case, within which timber under a deed should be removed, is generally a mixed question of law and fact, and that in each case the question of what is a reasonable time must be determined from the facts and circumstances peculiar to that case. We also cited therein, the case of Brinson & Co. v. Kirkland, 122 Ga. 486, 50 S.E. 369, as correctly stating the rule that: "except in extreme cases, where the period is very short or very long, the court cannot determine, as a matter of law, whether the reasonable time within which the grantee of a timber privilege should exercise the same has or has not expired." In the case at bar, over eighteen years had elapsed between the time of the execution and delivery of the deed of January 5, 1938, to the State, and the institution of this action. Defendants do not contend that a "reasonable time" for the cutting and removing of the timber had not elapsed after the delivery of said deed of January 5, 1938. In fact, they have not favored us with any contention, argument, or citation of authority whatsoever, with regard to whether or not a reasonable time for the cutting and removal of the timber here involved had expired.

The failure of the grantor, who had reserved timber, for twenty years to exercise his right to remove the timber, was held to result in the loss of such right in Ward v. Moore, 180 Ala. 403, 61 So. 303, 304, wherein the court said:

"Taking the prescriptive period of 20 years as a maximum measure in such cases, but not affirming at this time that a less period of entire inaction will not likewise result, we hold that 20 years is an unreasonable time, beyond which the stated right of entry and removal cannot exist, cannot be recognized."

A delay of sixteen years was held to be an unreasonable time in Siler v. Louisville Property Company, Ky., 107 S.W. 266, even though for six years the grantor, who had reserved the timber, was unable to obtain a right of way across an adjoining tract, which was necessary to enable him to remove the timber, where thereafter a right of way might have been obtained.

The expiration of fifteen years after the delivery of a deed in which timber rights were reserved, was held, as a matter of law, to be more than a reasonable time for cutting and removing the timber in the case of Beene v. Greene, 127 Ark. 119, 191 S.W. 915. A delay of fifteen years was likewise held an unreasonable delay in Gilmore v. Wilbur, 12 Pick. 120, 29 Mass. 120, 22 Am.Dec. 410.

Failure to cut and remove timber within fourteen years after the conveyance was

held, as a matter of law, to be failure to cut and remove within a reasonable time, in the case of Kentucky Coal & Timber Development Company v. Carroll Hardwood Lumber Co., 154 Ky. 523, 157 S.W. 1109, and also in Fore v. Marion County Lumber Company, 114 S.C. 501, 104 S.E. 179, and Gray v. Marion County Lumber Company, 102 S.C. 289, 86 S.E. 640.

In the case of Hudson v. Cox, 210 Ky. 30, 274 S.W. 1118, it was held that where no attempt was made to remove timber reserved for certain construction purposes until almost two years after the execution of such deed containing such reservation, such delay was unreasonable, in view of the fact that for a long period prior to to the time of the attempted removal, labor and teams were available and the weather favorable for removal operations.

In our own case of Faulkner v. Allen, supra, we approved the finding of the trial court that a reasonable time had expired where the evidence showed that almost five years had elapsed from the time of the execution of the bill of sale to the timber to the date of trial of the case. In the case of Mitchell-Crittenden Tie Co. v. Crawford, supra, we said that we were unable to say as a matter of law, in the absence of either pleading or proof relative thereto, that the eight years which had expired between the making of the conveyance and the commencement of the action afforded a reasonable time for the removal of the timber.

Does the failure to remove the timber for a period of over eighteen years in the case at bar constitute it one of those extreme cases referred to in Faulkner v. Allen, supra, in which the period is very long and in which the court can determine, as a matter of law, that a reasonable time wtihin which to remove the timber has expired? We think that it does. We think that the rule adopted by the Alabama Court in Ward v. Moore, supra, of taking the prescriptive period as a maximum measure in such cases, is a good one, absent explanation or excuse for longer delay. The longest prescriptive period prescribed by the statutes of this state is fifteen years. We are therefore of the opinion and hold that in this case where a period of over eighteen years has expired since the delivery of deed reserving the timber rights, the reasonable time within which the grantor should have exercised the right to cut and remove the timber had expired as a matter of law absent sufficient explanation or excuse for longer delay.

The judgment of the trial court is therefore reversed and the cause remanded with instructions to render judgment for the plaintiff as prayed.

CORN, V. C. J., and HALLEY, JOHNSON, BLACKBIRD and CARLILE, JJ., concur.

WELCH, C. J., and JACKSON, J., dissent.