## ROSS et al. v. CHOCTAW LBR. CO.

No. 23960. March 24, 1936.

J. N. Fortner and G. H. Montgomery, for plaintiffs in error.

Watson, Ess, Grover, Barnett & Whitaker, Tom Finney and McPherren & Maurer, for defendant in error.

PER CURIAM. Lillie Taylor, joined by her husband, Impson G. Taylor, under date of March 23, 1927, executed a timber contract in favor of the Choctaw Lumber Company, defendant in error (plaintiff in the trial court), covering a certain tract of land in McCurtain county, Okla., a portion of the allotment of Lillie Taylor, a full-blood Choctaw Indian.

The contract provides that the grantors "do hereby grant, bargain, sell, convey and deliver unto the said the Choctaw Lumber Company, its successors and assigns, all of the commercial pine timber of whatsoever kind and character standing, growing, lying, fallen, or being upon the following described land"; and also:

"The party of the second part (the lumber company), its successors and assigns, shall have five years' time in which to cut and remove said timber from said premises and at the expiration thereof shall have five years' additional time in which so to do upon the immediate payment to said first party of an additional sum equal to ten per cent. of the gross purchasing price of said timber."

On April 11, 1932, after expiration of the original five-year term of the above contract, the Taylors gave a second contract covering the timber on the same land, to W. N. Ross.

The controversy in this case is between the holders of these two contracts, as to which has the right to the timber after April 11, 1932.

It is conceded by the parties that the phrase "ten per cent. of the gross purchasing price of said timber," in the quotation above from the first contract, means ten per cent. of the consideration originally paid by the lumber company. The record shows that this consideration was $350 and, therefore, if electing to extend the contract for the second five-year period, the lumber company was required to pay the Taylors $35 payable immediately upon expiration of the original five-year period.

The proof is in direct conflict as to just what was done by the lumber company with

regard to tendering payment in order to obtain the five-year extension. The trial court entered special findings of fact and conclusions of law, but based upon its legal conclusion hereinafter mentioned, did not make findings with reference to this particular conflict in the evidence.

The trial court held it was immaterial in the controversy between the lumber company and Ross and McCoy as to whether the lumber company did or did not make tender of the amount necessary to obtain the extension period. On this point, that court held:

"As I understand the law in this case, when Lillie Peter, now Taylor, conveyed the timber to the Choctaw Lumber Company on the 23rd day of March, 1927, she gave them an absolute unconditional conveyance of the timber and title to said timber vested in the Choctaw Lumber Company as their absolute property, and if it had been the intention of the parties to cause the timber to revert to the allottee on the failure of the Choctaw Lumber Company to cut and remove it within five years, they could have placed such a condition of forfeiture in the contract. Not having themselves put such a condition in the contract, it is my opinion that the court is without authority to read a forfeiture into the contract, and it is my opinion that the Choctaw Lumber Company was the owner of all timber on the above-described lands that was commercial timber at the time they purchased the same on March 23, 1927, and that a failure to pay or to make an absolute tender of the ten per cent. of the purchase price would not cause their rights in said timber to be forfeited and the title to said timber revert to the allottee, Lillie Peter, now Taylor."

In accordance with this conclusion of law, the trial court rendered judgment in favor of the Choctaw Lumber Company, plaintiff below, and against W. N. Ross and his co-defendant, R. W. McCoy, defendants below. The record does not disclose McCoy's connection with the controversy, but it can be assumed that he has some interest under the timber contract to Ross.

The trial court erred in the conclusion of law quoted above. The rule with reference to timber contracts of the character here involved is that they only convey to the grantee a terminable estate in the timber, that is, either such timber as may be removed in a definite time, if a definite time is specified in the contract, or, if no such time is specified, then the timber that may be removed within a reasonable time from the date of the contract.

In the case of Mitchell-Crittenden Tie Co.

v. Crawford, 61 Okla. 191, 160 P. 917, this court held, where timber was conveyed without any specific limitation as to the time within which to remove the same, that the grantee acquired only a terminable estate in the timber which ended with the expiration of a reasonable time for removal of such timber.

For cases from other jurisdictions on this question, see Mallett v. Doherty. (Cal.) 180 P. 531; Cummer Co. v. Yager (Fla.) 79 South. 272.

The reason for such a rule is obvious. Where a landowner merely sells the timber, but retains full title to the land itself, there should be some time when he is again restored to the full possession of the land and his title freed of the timber contract and the burdens incident thereto.

Because of the error stated, the judgment of the trial court is reversed, and the case remanded, with directions to grant plaintiffs in error a new trial.

The Supreme Court acknowledges the aid of Attorneys Y. P. Broome, Joe Chambers, and B. C. Conner in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Broome and approved by Mr. Chambers and Mr. Conner, the cause was assigned to a justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.