DIERKS LBR. & COAL CO. v. FRY.

. No. 33653.   Oct. 10, 1950.

*223 P. 2d 113.*

Tom Finney, of Idabel, and Charles E. McPherren, of Oklahoma City, for plaintiff in error.

F. L. Welch, of Antlers, and Lee & Allen, of Idabel, for defendant in error.

LUTTRELL, J. This is an action for the partition of timber interests on a tract of land in Pushmataha county, brought by plaintiff, Albert Fry, against the defendant, Dierks Lumber & Coal Company, a corporation. The case was tried to the court as one of equitable cognizance, and upon the conclusion of all the testimony the trial court decreed partition and appointed commissioners for such purpose. Defendant appeals.

From the record it appears that plaintiff is the owner of a five-year contract or timber conveyance for an undivided two-fifths interest in the timber on said tract of land, the contract conveying to the assignor of plaintiff all interest in an undivided two-fifths of the timber on said tract, but providing that the plaintiff's assignor should have five years' time in which to cut and remove the timber, with full rights to enter upon the land for the purpose of cutting, removing and transporting the same. Defendants are the owners of a similar contract or conveyance covering an undivided three-fifths interest in the timber on said premises. From the record it appears that the land was originally allotted to a full-blood Choctaw Indian, and that the two-fifths interest claimed by plaintiff was conveyed to him by full-blood heirs of said allottee without the approval of the county court or any other agency, and that title to the entire tract is now vested in the Dierks Trust, a trust estate.

Defendant contends that the timber contract executed by the full-blood heirs of the original allottee to plaintiff's assignor did not convey any interest in the restricted land or standing timber for the reason that it was not approved as required by law, and that therefore it was not subject to partition, either under our statutes, or in equity. This contention is not sustained by the authorities relied upon by defendant.

While it is true that, in Ross v. Choctaw Lumber Co., 176 Okla. 399, 55 P. 2d 1041, we held that such a contract was not an absolute conveyance of timber, we further said that it conveyed so much of the timber as was removed by the holder of the contract within the period provided in the contract.

In Blake v. Burnett-Hauert Lumber Co., 192 Okla. 244, 135 P. 2d 325, and in Mitchell-Crittenden Tie Co. v. Crawford, 61 Okla. 191, 160 P. 917, we held that such a contract created a terminable estate in such timber, said estate terminating with the expiration of the contract.

In Blake v. Burnett-Hauert Lumber Co., supra, we pointed out that growing timber ordinarily may be a part of the realty and its sale an alienation of a part of the land, but that under the Acts of Congress therein specified no restriction was placed upon the sale of the timber by full-blood allottees, and that under the express terms of said Acts they could dispose of the timber upon their lands, and timber rights, free from restrictions of any kind.

In essence timber contracts of the kind herein involved convey a qualified title in the timber, which is ordinarily a part of the realty, the title becoming absolute as to such timber as is cut and removed within the period covered by the contract. The purchaser has the exclusive right, for the period covered by the contract, to go upon the land and to cut and remove the timber. In these respects the contracts are somewhat analogous to oil and gas mining leases, which convey only a qualified title to the oil and gas, with the right to reduce the same to possession, the title to the oil and gas becoming absolute when it is produced and reduced to the possession of the lessee.

In Rich v. Doneghey, 71 Okla. 204, 177 P. 86, we held that such oil and gas leases were in the nature of an incorporeal hereditament, and that the rights acquired by an oil and gas lessee gave him an interest in the land.

We have heretofore held that the interests acquired of a lessee of oil and gas mining leases are subject to partition in equity. Clark v. Mercer Oil Co., 139 Okla. 48, 281 P. 283; Sweeney v. Bay State Oil & Gas Co., 192 Okla. 28, 133 P. 2d 538. We likewise hold in the instant case that the timber contracts under consideration here were and are subject to partition in equity. This accords with the general rule. 40 Am. Jur. p. 87, §105; 47 C. J. p. 291, §55. The parties were cotenants as to the timber and timber rights. Moody v. Wagner, 167 Okla. 29, 23 P. 2d 633; Earp v. Mid-Continent Petroleum Corp., 167 Okla. 86, 27 P. 2d 855.

Defendant next contends that the petition in the instant case was not sufficient to invoke relief in equity, citing Clark v. Mercer Oil Co., supra. In that case it was held that a petition, which merely stated the kind of property owned by the parties and the interest of each therein, and did not state any facts which indicated loss in value, mismanagement, or other peculiar circumstances which justified equitable action, was insufficient as a petition for partition in equity. However, in Wolfe v. Stanford, 179 Okla. 27, 64 P. 2d 335, it was pointed out that in Julian v. Yeoman, 25 Okla. 448, 106 P. 956, we held that the right to partition personal property in equity independent of the statute is generally absolute, the rule of pleading announced in Clark v. Mercer Oil Co. was expressly overruled, and we held that the pleading of the peculiar additional circumstances referred to in Clark v. Mercer Oil Co. was unnecessary in a petition for partition in equity.

Examination of plaintiff's petition shows that it sets forth the title of the parties to the timber and timber rights; that the timber is merchantable property and is capable of being divided, and prays that partition be made accordingly. As pointed out in Wolfe v. Stanford, supra, the necessity of the remedy for partition as a method of avoiding the intolerable situation which would arise upon disagreement between the co-owners over their rights to the use and possession of the property clearly appears from the averments of the petition, and it is apparent from such averments that the parties were not in agreement as to where upon the land their respective rights shall be exercised, or under what condition they may be exercised. We deem the petition sufficient under the rule announced in Wolfe v. Stanford, supra. The partition in such case would be temporary only since the landowner was not made a party. 40 Am. Jur. p. 92, §110. See annotation in 12 A.L.R. p. 644.

Affirmed.

CORN, HALLEY, JOHNSON, and O'-NEAL, JJ., concur. ARNOLD, V.C.J., and GIBSON, J., dissent.