**F. E. HARPER and The Cornell Oil Company, Plaintiffs in Error,**

**v.**

**R. W. FORD, J. M. Ford and J. C. Shortes, co-partners, doing business as C & L Drilling Company, a co-partnership, Defendants in Error.**

**No. 37580.**

Supreme Court of Oklahoma.

Oct. 29, 1957.

Robinson, Shipp, Robertson & Barnes, by Leon Shipp, Oklahoma City, for plaintiffs in error.

Busby, Stanfield, Deaton & West, by W. V. Stanfield, Ada, for defendants in error.

HALLEY, Justice.

This is a partition action by R. W. Ford and others, co-partners doing business as C & L Drilling Company, against F. E. Harper Cornell Oil Company, and Sunray, Mid-Continent Oil Company (corporate name later changed to D-X Sunray Oil Company) filed in the District Court of Pontotoc County September 27, 1955. Judgment was rendered for the plaintiffs on May 25, 1956, and defendants have appealed. We shall refer to the parties as plaintiffs and defendants as they appeared in the trial court.

Plaintiffs alleged that they were the owners of and in possession of an oil and gas lease covering a ¾ths undivided interest, covering all horizons down to and including the Cromwell sand formation, found in that area at about 2,600 feet, subject to a ¹⁄₁₆ths of ⅞ths overriding royalty interest, and covering a ten-acre tract of

land in Pontotoc County, and described as the NW½ SE¼ of NE¼ of Section 34–5N–7E. The lease of the plaintiffs was dated November 23, 1954, and was for a term of twenty days.

That the defendants were the owners of a ¼th undivided interest in an oil and gas leasehold estate covering the same tract above described dated March 6, 1952, for a term of five years, and also subject to a ⅟₁₆th of ⅞ths overriding royalty. They further alleged that plaintiffs and defendants were co-tenants in said oil and gas leasehold estate and each entitled to possession and operation thereof.

That on December 7, 1954, plaintiffs drilled a producing well on the land described, equipped and connected with the pipe line of D-X Sunray Oil Company, which purchased the production. That plaintiffs paid all the cost of drilling, equipping and operating this well at a total cost of $13,436.46, plus costs for subsequent months of operation; that defendants' share of costs is ¼th or $3,638.94.

That defendants were obligated, as co-tenants, to pay their proportionate share of drilling, equipping and operating the well; that they were advised of their share of such costs, but that defendants had failed and refused to pay their share of such costs, and that the purchaser of the oil produced had and continued to hold in suspense defendants' share of the oil produced and run from the lease.

That defendants agreed that the parties hereto were co-tenants and that each co-tenant should pay their proportionate share of the costs of drilling, equipping and operating the producing well, but had failed and refused to do so, and that plaintiffs are being forced to operate the lease for the benefit of themselves and the defendants to protect their interest.

Plaintiffs alleged that the oil and gas leasehold can be partitioned in kind, but if this cannot be done that it be appraised and sold and the proceeds divided as their interests appear, but that the share of defendants in the oil runs now being held in suspense should be first applied on defend-

ants' indebtedness to plaintiffs before defendants are entitled to receive any sum whatever.

Plaintiffs prayed for judgment confirming their ownership of an undivided ¾th working interest in the oil and gas leasehold estate above described and that defendants own an undivided ¼th interest therein, both subject to an override of ⅟₁₆th of ⅞ths; that commissioners be appointed to partition said oil and gas leasehold estate, and if it cannot be partitioned in kind, that it be appraised and sold and the proceeds divided between the owners in proportion to their respective shares, but that ¼th of the costs of drilling, equipping and operating the well drilled by plaintiffs be deducted from the proceeds due defendants, and paid to plaintiffs.

Defendants demurred to the evidence of plaintiffs, moved for judgment denying partition on the ground that the interests of the parties were not in the same property, the plaintiffs owning a ¾ths interest in the leasehold estate to a certain depth, while defendants owned a ¼th interest not only to and including the Cromwell sand but to a greater depth, and that the parties were not joint tenants; defendants also moved to make additional parties and that the action be dismissed, and filed a general demurrer. All motions and demurrers were overruled.

The court rendered judgment for the plaintiffs for $3,859.61 against defendants, granting partition and appointed commissioners to appraise the property, and if not capable of partition in kind, that it be appraised and sold and the proceeds divided between the parties as their interest appear, after applying to the credit of plaintiffs such sums as have and will accrue to cover costs of drilling, equipping and operating the producing well drilled by the plaintiffs.

Before considering the propositions submitted by defendants, we call attention to the stipulations of the parties that they owned interests in the leasehold estates as above set out and that either had a right to drill a well to any formation to and in-

·cluding the Cromwell sand. Only that portion of the leasehold estate is here involved.

Defendants submit three propositions. The first is as follows:

"Partition of an oil and gas lease is an equitable proceeding. Facts must be pleaded and proven which show loss in the value of the property, mismanagement, irreconcilable differences as to the disposition or control of property, or other peculiar circumstances which justify equitable relief."

██ We agree that partition of an oil and gas lease is an equitable proceeding. We cannot agree that facts must be pleaded and proven which show loss in the value of the property, mismanagement, differences as to disposition or control of the property, but we think that where one co-tenant pleads that it has drilled a producing well, equipped and operated it and notified the other co-tenant of his share of the costs of such operation, and the other co-tenant refuses to pay his proportionate share of such costs, for reasons not disclosed, such facts are sufficient to warrant equitable relief.

In support of this proposition defendants cite the case of Clark v. Mercer Oil Co., 139 Okl. 48, 281 P. 283, wherein the rule announced by defendants is found in the third paragraph of the syllabus. They also point out that our statutes on partition were taken from the State of Kansas, and cite the Kansas case of Beardsley v. Kansas Natural Gas Co., 78 Kan. 571, 96 P. 859, and wherein the Supreme Court of Kansas announced and approved the rule as to the necessity of pleading and proving certain facts to entitle one to partition.

██ In the case of Wolfe v. Stanford, 179 Okl. 27, 64 P.2d 335, 339, this Court overruled the rule of pleading as announced in the case of Clark v. Mercer Oil Co., supra, which had to do with what plaintiffs' petition must contain to justify partition. In the body of the Wolfe opinion it is said:

"Do these views then justify the questionable rule of pleading announced in the Mercer Case? We think not. Presumably a complaining party invokes a remedy for a justifiable end. Fraud or oppression in the use of the remedy is not to be presumed. If the action is to be defeated upon that ground, the matter is one of defense to be pleaded and proved as such. The rule of pleading as announced in Clark v. Mercer Oil Co., supra, is overruled."

In the first paragraph of the syllabus the Court said:

"Oil and gas rights though severed from the remainder of the fee, may be subject to partition, either in kind or by sale, as the circumstances may justify."

It was further said in the body of the opinion that:

"Independent of the Beardsley Case from Kansas and our own Clark v. Mercer Oil Co. Case, it is generally recognized, both under statutes regulating partition and equity independent of statute (in the absence of legislation requiring particular averments), that the right to partition property is absolute, and a pleading seeking partition is sufficient as a matter of law if it states facts from which the court can see that the parties are cotenants. 20 R.C.L. 760, par. 42, 47 C.J. 288; Pomeroy's Equity Jurisprudence, vol. 5, par. 2130; 47 C.J. 408; 20 R.C.L. 742, par. 8. * * *"

██ Again in Dierks Lumber & Coal Co. v. Fry, 203 Okl. 467, 223 P.2d 113, 114, 21 A.L.R.2d 614, it is said in the second paragraph of the syllabus:

"In an action for partition of property in equity, independent of the statute, the petition states a cause of action if it alleges facts sufficient to show that a cotenancy exists between the parties. It is not essential that the pleader plead additional facts show-

ing some equitable grounds in order to justify a partition in equity."

In their second proposition defendants submit that:

"Partition may be had only when the property is held in cotenancy, and there may be no judgment or decrees of partition where the parties to the proceeding are neither in coparency nor joint tenants, nor tenants in common."

We think this statement of the law is correct, but there is a difference of opinion as to the meaning of the terms coparceners, joint tenants and tenants in common.

Defendants contend that because the plaintiffs here have an oil and gas lease covering a ¾ths interest in the land involved dated November 23, 1954, for a term of twenty days and as long thereafter as oil and/or gas is produced, covering all formations down to and including the Cromwell sand, found in that area at approximately 2,600 feet, while defendants own an oil and gas lease dated March 6, 1952, for a term of five years, or so long as there is production, covering a ¼th interest in the leasehold estate, but containing no limitation as to formations, they are not co-tenants or tenants in common.

These leases were by different lessors and for different terms. It is not disputed that the plaintiffs own an undivided ¾ths interest in the leasehold estate down to and including the Cromwell sand, and that the defendants own an oil and gas lease covering a ¼th undivided interest in the same land down to and including the Cromwell sand. It is true that the defendants' lease covers ¼th of the minerals beyond the Cromwell sand. However, plaintiffs have drilled a producing well within the limits of their lease contract. They only seek a partition of the leasehold estate insofar as it is covered by their lease and not beyond.

It is not denied that defendants may drill a well to any depth they desire. It is admitted that each party is entitled to possession of the premises insofar as partition is sought here.

The rule announced in Fry v. Dewees, 151 Kan. 488, 99 P.2d 844, by the Kansas Supreme Court is not applicable here because plaintiffs here seek to partition only that portion of the leasehold estate down to and including the Cromwell sand formation, and it is not denied that there is a unity of possession in the portion sought to be partitioned.

■ ■ In Earp v. Mid-Continent Petroleum Corp., 167 Okl. 86, 27 P.2d 855, 856, 91 A.L.R. 188, this Court held as announced in the first and second paragraphs of the syllabus as follows:

"The owners of undivided interest in the oil and gas rights in and under real estate are tenants in common, and each cotenant has the right to enter upon the premises for the purpose of exploring for oil and gas without the consent of the other tenant in common; provided, however, that he cannot exclude his cotenants from exercising the same right with reference to the common property.

"Each tenant in common may properly lease for oil and gas purposes his interest in the property without the consent of his cotenant, and the lessee upon execution and delivery of the lease becomes a tenant in common with the tenants in common of his lessor."

The same rule was announced in Prairie Oil & Gas Co. v. Allen, 8 Cir., 2 F.2d 566, 40 A.L.R. 1389, as follows:

"In Oklahoma, tenant in common in oil and gas underlying land may not make valid lease of whole of common property, but may lease his undivided interest therein, and his lessee becomes for time being tenant in common with the other owners."

In Sweeney v. Bay State Oil & Gas Co., 192 Okl. 28, 133 P.2d 538, this Court said in the third paragraph of the syllabus:

"A part owner of producing oil and gas leases is entitled to a decree of partition where an intolerable condition exists by reason of the refusal of owners of other interests to pay their proper share of the expense of further

development and operation, and where the marketability of the oil is impaired by reason of clouds on the title of some of the owners."

We think that the parties are clearly co-tenants in the oil and gas leasehold estate here sought to be partitioned.

Defendants say that a part of an oil and gas lease may not be partitioned in the absence of the consent of all of the owners thereof. They cite Ellis v. Cook, 205 Okl. 13, 234 P.2d 412, where it was sought to partition the surface and half the minerals in three separate tracts of land. The defendants prayed that the court partition the surface only because the oil and gas rights were of great value and prospects for an unusual increase in value, which would place the value beyond the ability of the defendants to purchase, and result in an unjust effect on them. The court ordered a partition of the surface and one-half of the minerals. The court ordered an appraisal of the surface rights and of the mineral rights together. Three of the defendants there owned interests in the surface rights only and four in the oil, gas and minerals only, and there was no production.

In reversing the trial court this Court cited Coker v. Vierson, 170 Okl. 528, 41 P.2d 95, where there was no production and the surface and mineral interests were owned by different parties, and could not be partitioned in kind, and held that the surface and mineral rights should be appraised and sold separately. This case is not contrary to the judgment rendered by the trial court in the case before us.

Defendants complain that the primary term of their lease will expire before partition can be made. They appear to overlook that they have a right to drill a well to any formation they choose. It is admitted that defendants have a right of possession and could have at their pleasure explored below the Cromwell sand or above it.

Defendants admit that plaintiffs have a right to receive defendants' proportionate share of production until they have been fully paid for the costs of drilling, equipping and operating the producing well drilled by the plaintiffs, but plaintiffs have received no amount of the runs creditable to defendants' interest. There is no evidence whatever that tends to show why defendants have failed and refused to co-operate with plaintiffs, or why they have sat idly by and now complain that they may lose their oil and gas lease below the Cromwell sand, when they have had five years to explore, and still refuse to reimburse plaintiffs for their share of the costs of the producing well drilled by plaintiff.

We are forced to the conclusion that the trial court had ample equitable grounds to order partition in order to relieve the plaintiffs of the novel and unusual circumstances disclosed by the record before us. The judgment is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

CARLILE, J., dissents.