480 F.2d 282
 Joseph C. HERRON and Quintus H. Herron, Trustees of the
Herron Trust, Plaintiffs-Appellees and Cross-Appellants,
v.
F. McQueen ROZELLE, Defendant-Appellant and Cross-Appellee,
and
Francis De Bogory Horton et al., Additional
Defendants-Appellees, Second Cross-Appellants.
 Nos. 72-1083, 72-1084.
 United States Court of Appeals,
Tenth Circuit.
 June 14, 1973.
 
 Joe Stamper, Antlers, Okl. and Winfrey D. Houston, Stillwater, Okl. (Stamper & Otis, Antlers, Okl., and Fitzgerald, Houston & Worthington, Stillwater, Okl., on the brief), for plaintiffs-appellees and cross-appellants.
 John Romig Smith, Ponca City, Okl. (F. McQueen Rozelle, pro se, on the brief), for defendant-appellant and cross-appellee.
 Before BREITENSTEIN, Circuit Judge, DURFEE, Senior Judge United States Court of Claims*, and DOYLE, Circuit Judge.
 DURFEE, Senior Judge.
 
 
 1
 No. 72-1083 is an appeal by defendant, Rozelle, from a judgment of the U.S. District Court for the Eastern District of Oklahoma rendered in the net sum of $10,000 in favor of plaintiffs, Joseph C. Herron and Quintus H. Herron, in a nonjury trial. The award was based upon defendant's destruction of plaintiffs' and additional defendants' timber interest. No. 72-1084 is a cross-appeal which has been abandoned and need not be considered. We affirm the judgment.
 
 
 2
 In March 1962 defendant-appellant Rozelle obtained all interest except the timber interest in certain land in Pushmataha County, Oklahoma. Rozelle's second predecessors in interest to the land had obtained the land in 1950 by warranty and quitclaim deeds. By language which was for all purposes identical, the warranty deed by exception and the quitclaim deed by reservation excluded the timber growing on or to grow on the land from the interest conveyed. The language in the warranty deed was as follows:
 
 
 3
 "[Reserving] * * * all * * * timber that is now standing and growing on said premises and all of such timber that may in the future grow on said premises, with the right of ingress and egress for the purpose of removing said timber and the right to erect and operate and maintain suitable milling facilities to manufacture said timber into lumber or other products. In other words, the grantor does not sell the timber now standing on said premises or that may grow on said premises and he, regardless of anything contained in this instrument, owns said timber now, and will own any future timber, that may in the future grow on said premises. Provided, however, * * * if and when the grantees elect to put any of said land into a bona fide farm, that is cultivating same as a farm that they may remove any and all timber that may be situated on said portion of the above tract that they bona fide are putting into cultivation, notifying, however, the grantors of said purpose and said timber so removed shall be the property of said grantors. * * *"
 
 
 4
 Rozelle, as a subsequent grantee, took the land subject to the same reserved timber interest and under the same conditions permitting timber removal.
 
 
 5
 In 1952 the additional defendants in this case had acquired the reserved timber interest and in 1958 the additional defendants had granted plaintiffs a 99-year lease of the timber on the Pushmataha County land, including the right to harvest and sell the timber.
 
 
 6
 In June, 1966 Rozelle advised the timber owners that he intended to clear 9,900 acres of the land of timber for the purpose of cultivating the land pursuant to the aforementioned deed provision. In August 1968 Rozelle caused 320 acres to be cleared of timber by means of pulling down the trees with chains and tractors. The cleared timber was put in windrows in such a manner as to make the harvesting of the timber by plaintiffs not economically feasible.
 
 
 7
 The district court found that plaintiffs-appellees, who were entitled to the timber cleared by appellant and whose timber rights had been defeated, had been damaged in the sum of $13,000. The court allowed Rozelle $3,000 on a counterclaim for damages to the land and fences caused by logging operations conducted by plaintiffs from 1968 to 1970.
 
 
 8
 Preliminarily, appellees claim that Rozelle's pro se appeal suffers from one or more defects requiring its dismissal. Appellees argue that the appeal is limited to the questions actually raised in Rozelle's Motion for New Trial, or Alternative Motion to Alter or Amend Findings and Judgment since Rozelle's Notice of Appeal "designated" for appeal only the order denying these motions. F.R.App.P., Rule 3(c). Appellees urge that the questions briefed on appeal are not within the scope of the issues raised by the aforementioned motions and hence we should not consider appellant's questions of error. Scaramucci v. Dresser Industries, Inc., 427 F.2d 1309, 1318 (10th Cir. 1970).
 
 
 9
 Appellee's argument is not well taken. We think the appeal from denial of the motions was "an effective, although inept attempt to appeal" from the final judgment. Foman v. Davis, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). See State Farm Mutual Auto Ins. Co. v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956); Vigil v. United States, 430 F.2d 1357, 1358 (10th Cir. 1970). An appeal from a final judgment draws into question all rulings producing the judgment. 9 Moore's Federal Practice p 203.18. The Notice of Appeal did not mislead or prejudice appellees and appellant's docketing statement, submitted to both appellees and the court pursuant to local Rule 7, fairly apprised appellees of the issues to be briefed and argued.
 
 
 10
 Appellees also argue that this appeal was dismissed on June 6, 1972, and never reinstated. On the contrary, by order of September 26, 1972, Rozelle was allowed to reinstate his appeal and permitted to present his appeal pro se. Appellees other claimed procedural defects of this appeal are incorrect and deserve no further consideration.
 
 
 11
 After this case was briefed and argued on appeal, appellees moved this court to dismiss three of the four complaints of error raised by the appellant because these propositions related exclusively to appellant's rights as the landowner, and the rights of appellant as landowner had been terminated by a foreclosure and sale through the U. S. District Court for the Eastern District of Oklahoma, the foreclosure having been affirmed by this court and certiorari denied by the United States Supreme Court. The motion is denied except as hereinafter discussed with respect to appellant's third assignment of error. An in personam judgment was entered against Rozelle and that judgment is not affected by a change of title to the land after the occurrences which gave rise to the net award of $10,000.
 
 
 12
 As his first assignment of error appellant Rozelle asserts that the district court failed to rule that as a matter of law his interest in the Pushmataha County land was subject to and encumbered by a "terminable estate in timber" and not a "timber estate in fee simple;" that when no specific and definite time in years for the removal of timber is written into a terminable timber estate, the holder of the timber reservation has only a reasonable time in which to remove the timber; and that a reasonable time had expired. Rozelle argues that therefore he acquired title to and the right to possession of the timber.
 
 
 13
 Without characterizing the timber right here involved as either a "terminable estate" or an "estate in fee simple," the district court held that: "This right was neither lost nor abandoned through failure to harvest the timber, or otherwise, and the plaintiffs * * * acquired a valid right to such timber * * *."
 
 
 14
 Appellant cites the Oklahoma case of State v. Smith, Okl., 317 P.2d 219 (1957) as controlling on the issue of terminable timber estates. In that case the Atlas Powder Company deeded 240 acres of land to the State of Oklahoma in 1938 with the following provisions in the habendum clause:
 
 
 15
 "Excepting and Reserving in the above described parcel of land all the oil, gas and other minerals, together with timber on the surface thereof, with the right of ingress and egress over and under the surface of land herein conveyed for purpose of removing the items reserved."
 
 
 16
 The State of Oklahoma brought action to quiet title to the 240 acres of land. The State asserted, as does Rozelle, that after the expiration of a reasonable time for the grantor or his successors in interest to the timber reservation to cut and remove the timber, the grantee (or his successors in interest) acquires title to and the right to possession of the timber growing on the land. Under the foregoing provision in the habendum clause, the Oklahoma Supreme Court in State v. Smith found that only a terminable estate in timber and not a right in perpetuity had been created and that eighteen years was more than a reasonable time within which to remove the timber.
 
 
 17
 State v. Smith involved a deed provision quite different and far less precise than the timber reservation in the instant case. In State v. Smith the deed spoke ambiguously of the "* * * timber on the surface * * *", leaving in doubt whether the timber referred to was all standing timber or all standing and further growths of timber. In the instant case the deed speaks clearly and unambiguously of a reservation of all timber "* * * standing and growing on said premises and all of such timber that may in the future grow on said premises * * *". To belay any doubt that the retained timber interest was to be perpetual the deed repeats: "In other words, the grantor does not sell the timber now standing on said premises or that may grow on said premises and he, regardless of anything contained in this instrument, owns said timber now, and will own any future timber, that may in the future grow on said premises. * * *"
 
 As a general rule:
 
 18
 "(A) grant or reservation of timber will not be construed as giving a perpetual right, unless it is plainly manifest that such was the intent of the parties, since such rights are extremely burdensome." State v. Smith, 317 P.2d at 223.
 
 
 19
 We think the timber reservation encumbering Rozelle's interest gave a perpetual right in clear, unmistakable, and unambiguous terms. See Franke v. Welch, 254 Or. 149, 458 P.2d 441 (1969); Baker v. Kenney, 145 Iowa 638, 124 N.W. 901 (1910); Baxter v. Mattox, 106 Ga. 344, 32 S.E. 94 (1898).
 
 
 20
 The rule invoked in State v. Smith is plainly inapposite here. A rule that "a timber deed or contract, conveying all of the growing timber on specified land, * * * creates a 'terminable' estate in the growing timber" [emphasis added], State v. Smith, supra, 317 P.2d at 221, cannot be whittled to fit a deed provision applying to all timber "* * * standing * * * growing * * * and * * * that may in the future grow * * *". The Oklahoma cases relied upon in State v. Smith for derivation of the stated rule involve only instances of standing or existing timber.[1]
 
 
 21
 Appellant Rozelle argues that appellees' timber interest was terminable because he was given the power to "terminate the estate" by the provision allowing him to remove any and all timber that may be situated on a tract which he elects to put into a bona fide farm and cultivate. Appellant has cited no authority for his proposition and we think the argument is semantic. Rozelle could not "terminate the estate" by electing to cultivate the land and sever ("terminate") the trees from the land. The timber reservation is quite clear that the "timber removed shall be the property of said grantors", appellees being the successors to this grantors' interest. The timber reservation is further clear in reserving to the grantors (appellees) further growths of timber, apart from standing timber that may be severed from the land.
 
 
 22
 We assign no significance to the fact that the timber reservation fails to mention "heirs." Appellant conceded that Oklahoma statutes do not require such terminology in order to convey a perpetual right. 16 O.S. Sec. 29 (1951).
 
 
 23
 In his second assignment of error Rozelle attacks the conclusion of the district court that if he intended to clear timber for the purpose of cultivating the land as a farm, he was obligated "* * * to give the plaintiffs adequate notice of the areas to be cleared, to enable them to harvest such of the timber as they desired prior thereto, and also required that the areas designated for clearing should be sufficiently limited as not to defeat the feasibility of haresting the area. The notice given by Rozelle to the plaintiffs of his intended clearing operations did not meet this test."
 
 
 24
 The district court erred in concluding that appellant was obligated to give such notice of "sufficiently limited" areas as to allow timber removal by plaintiffs-appellees first. Upon electing to put the land into a bona fide farm, Rozelle was entitled to remove any and all timber from the tract to be cultivated, "* * * notifying, however, the grantors [plaintiffs] of said purpose." There is no requirement which would compel Rozelle to give such notice as to provide the plaintiffs-appellees the prior opportunity to harvest.
 
 
 25
 A deed is to be interpreted and the intention of the parties ascertained in the same manner as other written contracts. Gray v. Stillman, 365 P.2d 369 (Okla.1961). The notice conditions of the timber reservation cannot be rewritten by the court to give the successors to the grantors' interest broader rights and better notice than the grantors expressed and reserved to themselves. See Houston Oilers, Inc. v. Neely, 361 F.2d 36 (10th Cir. 1966), cert. denied, 385 U.S. 840, 87 S.Ct. 92, 17 L.Ed.2d 74, reh. denied, 385 U.S. 942; Kelso v. Kelso, 225 F.2d 918 (10th Cir. 1955); Rist v. Westhoma Oil Co., 385 P.2d 791 (Okla.1963); Western Oil & Gas Co. v. Mitchell, 326 P.2d 794 (Okla. 1958); Cities Service Oil Co. v. Geolograph Co., 208 Okl. 179, 254 P.2d 775 (Okla.1953).
 
 
 26
 The erroneous ruling of the district court concerning the nature of the notice to be given nevertheless does not affect the result reached. The district court had found that the cleared timber was put in windrows in such manner as to make the harvesting of the timber by plaintiffs-appellees not economically feasible, resulting in damage to them of $13,000. This finding is not affected by the ruling governing notice and has not been challenged by appellant.
 
 
 27
 In his third assignment of error appellant lists a series of questions regarding the prospective rights of each party which he claims the trial court should have answered pursuant to his crosscomplaint for a declaratory judgment, and lists certain "equivocal or ambiguous" terms in the district court's Findings of Fact and Conclusions of Law which he claims the court should have clarified. The gist of appellant's complaint of error is that he still does not know his rights to the use of the land. Since Rozelle is no longer the landowner because of a foreclosure action and sale and the claimed error related to appellant's prospective rights in the land, the point is moot.
 
 
 28
 In his last assignment of error appellant asserts the district court's finding of fact that he was damaged in the amount of $3,000 due to 1968-1970 logging operations conducted by plaintiffs-appellees was clearly erroneous.
 
 
 29
 Rule 10(b) of the Federal Rules of Appellate Procedure provides in part:
 
 
 30
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.
 
 
 31
 Appellant has failed to bring up a transcript of all evidence bearing on the issue of damages to him. We decline review since we cannot make a meaningful evaluation of the claim of error.
 
 
 32
 We have considered several other peripheral points raised incidentally by appellant and deem them without merit.
 
 
 33
 In each appeal the judgment is affirmed.
 
 
 
 *
 Sitting by designation
 
 
 [1]
 Mitchell-Crittenden Tie Co. v. Crawford, 61 Okl. 191, 160 P. 917 (1916), ("* * * all timber * * * standing or being on the following described lands * * *"); Faulkner v. Allen, 70 Okl. 280, 173 P. 1133, 1134 (1918), ("* * * all trees and timber of every and any description, felled, windfall, standing and growing or being upon the premises * * *"); Ross v. Choctaw Lumber Co., 176 Okl. 399, 55 P.2d 1041 (1936), ("* * * timber of whatsoever kind and character standing, growing, lying, fallen, or being upon the following described land * * *"); Blake v. Burnett-Hauert Lumber Co., 192 Okl. 244, 135 P.2d 325, 326 (1943), ("* * * timber of whatsoever kind and character growing on the land therein described * * *"); Dierks Lumber & Coal Co. v. Fry, 203 Okl. 467, 223 P.2d 113, 114 (1950), ("* * * standing timber * * *")