**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTHONY JABBAR IRVING,

    Defendant - Appellant.

No. 05-6133
(W.D. Oklahoma)
(D. Ct. No. 04-CV-1600-T)
(D. Ct. No. 97-CR-159-T)

_____

**ORDER DENYING LEAVE TO PROCEED**
**ON APPEAL IN FORMA PAUPERIS,**
**DENYING CERTIFICATE OF APPEALABILITY,**
**AND DISMISSING APPLICATION**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Anthony Jabbar Irving, a federal prisoner proceeding pro se,[1] filed a motion under 28 U.S.C. § 2255 to vacate his sentence and multiple motions to reduce or

_____

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

reconsider his sentence.[2] The district court denied all motions. Irving filed notices of appeal and a motion for leave to proceed on appeal *in forma pauperis* (*ifp*). The district court denied the request to proceed *ifp*, finding Irving "ha[d] not presented a reasoned, nonfrivolous argument on appeal," and the appeal was "not taken in good faith as the notice of appeal was not filed in a timely manner." (R. Doc. 98 at 1.) Irving has filed with this court motions for a certificate of appealability (COA), for leave to proceed *ifp*, and for an evidentiary hearing. *See* 28 U.S.C. §§ 2253(c)(1)(B), 2255; FED. R. APP. P. 22(b)(1), 24(a)(5). Because of the plethora of motions and orders filed in the district court, a brief review of the procedural history is required.

Background

In April 1998, Irving pled guilty to one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). On June 30, 1998, he was sentenced to ninety-six months imprisonment. More than five years later, in July 2003, Irving began filing motions *pro se* seeking reconsideration of his sentence. The district court consistently denied Irving's motions. In November 2004, Irving filed another motion for reconsideration and, for the first time, a motion to vacate his sentence under 28 U.S.C. § 2255. On December 2, 2004, the district court

---

[2] Irving styled one motion as a motion for reduction of sentence under Federal Rule of Criminal Procedure 35. Other motions were for reconsideration of his sentence. One was a plea for clemency. The other two challenged the enhancement of his sentence under *Blakely v. Washington*, 542 U.S. 296 (2004).

denied the motion for reconsideration. Six weeks later, on January 18, 2005, Irving filed an identical motion for reconsideration. On January 24, 2005, the district court denied the motion for reconsideration and issued an order to show cause why Irving's § 2255 motion should not be dismissed as untimely. On February 11, 2005, when Irving failed to respond to the order, the district court denied the § 2255 motion.

On March 11, 2005, due to a possible error in conveying the orders to Irving, the court vacated its January 24 and February 11 orders, reissued an order to show cause why the § 2255 motion should not be dismissed as untimely, and again summarily denied the motion for reconsideration as being "without merit." Irving's notice of appeal from the order denying the motion to reconsider was filed on March 16, 2005. When Irving again failed to respond to the order to show cause, the court, in an order dated March 30, 2005, denied the § 2255 motion as untimely, citing 28 U.S.C. § 2255.[3]

Irving's notice of appeal, dated April 12, 2005, was filed on April 15. This notice of appeal, which was identical to the notice of appeal filed on March 16, 2005, stated it was an appeal "from the final Judgement [sic] Entered in this action on the 24 Day of January . . . ." (R. Doc. 95.)

---

[3] 28 U.S.C. § 2255 provides in relevant part: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of— (1) the date on which the judgment of conviction becomes final . . . ."

<u>Discussion</u>

I.     Timeliness of Appeal

The timely filing of a notice of appeal is "mandatory and jurisdictional."

*Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988).  A notice of

appeal must both be timely under Rule 4, Federal Rules of Appellate Procedure,

and meet the content requirements of Rule 3, Federal Rules of Appellate

Procedure.  Irving's multiple notices of appeal stated he was appealing from the

court's judgment entered on January 24, 2005, and were filed on March 16 and

April 15, 2005.  Thus we must first address the question of whether we have

jurisdiction over this matter, given the substance and timing of these notices.

The only appealable order entered by the district court on January 24, 2005,

was its order denying Irving's motion for reconsideration.  Even Irving's first

notice of appeal, filed on March 16, 2005, was filed well beyond the ten-day

period established in Rule 4(b)(a)(A)(I) for the filing of a notice of appeal in a

criminal case.[4]  However, the district court vacated its January 24 order and re-

entered an order denying the motion on March 11, 2005.  Thus, the March 16

notice of appeal was timely filed with respect to the court's extant order.

Similarly, the April 15 notice of appeal was timely filed with respect to the

_____

[4] Federal Rule of Appellate Procedure 4(b)(1)(A)(I) provides in relevant part: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed . . . ."

-4-

court's March 30, 2005 denial of Irving's § 2255 motion.[5]

The question remains, however, whether the notices complied with Rule 3, which requires a notice of appeal to "designate the judgment, order, or part thereof being appealed . . . ." FED. R. APP. P. 3(c)(1)(B). As a general rule, this Court applies a "principle of liberal construction in situations where a party has misdesignated the order appealed from in a notice of appeal." *United States v. Morales*, 108 F.3d 1213, 1222-23 (10th Cir. 1997). Even if the notice fails to properly designate the order from which an appeal is taken, this Court has jurisdiction if the appellant's intention was clear, *Morales*, 108 F.3d at 1223, the documents that are filed "provide the functional equivalent of what Rule 3 requires," *Denver & Rio Grande W. R.R. v. Union Pac. R.R.,* 119 F.3d 847, 849 (10th Cir. 1997) (internal quotation omitted), and the appellee had notice of the subject of the appeal and suffered no prejudice. *Id.*

Here, the intent of Irving's March 16 notice of appeal was clear: he was appealing from the district court's order denying his motion for reconsideration. He denominated the order being appealed as the court's order of January 24, but that order was superseded by the court's March 11 orders. Liberally construing both Rule 3 and Irving's pleadings, we conclude the March 16 notice of appeal was "an effective, although inept attempt to appeal" from the court's order

---

[5] An appellant has sixty days under Rule 4(a)(1)(B) to file a notice of appeal from the denial of a § 2255 motion. *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993).

denying the motion for reconsideration.  *Herron v. Rozelle*, 480 F.2d 282, 285 (10th Cir. 1973) (internal quotations omitted).

Similarly, Irving's April 15 notice of appeal, when taken in conjunction with his motion for leave to proceed *ifp,* provides the "functional equivalent" of what Rule 3 requires in terms of designating the order from which the appeal is taken.  On the motion for leave to proceed *ifp*, Irving indicated the matter was a "habeas corpus" action.  (R. Doc. 96 at 1.)  This evinces Irving's intent to appeal the district court's order denying the § 2255 motion.

The notices of appeal were timely filed and adequately, though inartfully, designated the orders being appealed.  We have jurisdiction over this matter.

II.     Certificate of Appealability

A COA is a jurisdictional pre-requisite to our review.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA only if Irving makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation omitted).  Insofar as the district court dismissed his habeas petition on procedural grounds, Irving must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the

-6-

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Irving has not met this burden.

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The district court correctly found Irving's motion was time-barred. Irving's sentence became final on July 13, 1998, when his time for pursuing a direct appeal expired. *Kapral v. United States*, 166 F.3d 565, 577 (10th Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). His § 2255 motion was filed on November 23, 2004, well past the one year statute of limitations in 28 U.S.C. § 2255.

Irving did not raise any allegations warranting the application of equitable tolling either in the district court or in his application for COA to this Court. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling permitted in only rare and exceptional circumstances); *United States v. Willis,* 202 F.3d 1279, 1281 n.3 (10th Cir. 2000) (case must present extraordinary circumstances to warrant equitable tolling). Because reasonable jurists could not conclude the district court erred in dismissing Irving's § 2255 motion as untimely, we DENY

his request for a COA.

III.    Motion for Leave to Proceed *ifp*

A prisoner seeking leave from this court to proceed *ifp* must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991).  After reviewing Irving's contentions, and affording weight to the district court's decision, *Coppedge v. United States*, 369 U.S. 438, 446 (1962), we adopt the district court's finding to the extent it found Irving has not presented a reasoned nonfrivolous argument, and thus the request to appeal is not taken in good faith.

Based on the above, we DENY Irving's request for a COA and dismiss his application.  We DENY his request for an evidentiary hearing.  Finally, we DENY his motion to proceed *ifp* and order him to immediately remit the full amount of the filing fee.  We remind him of his obligation to pay the filing fee even on a case that has been dismissed.

**DISMISSED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge